**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Venoco, LLC, | Case No. 17-10828 (KG) |
| Debtor. | |
| In re | Chapter 11 |
| TexCal Energy (LP) LLC, | Case No. 17-10831 (KG) |
| Debtor. | |
| In re | Chapter 11 |
| Whittier Pipeline Corporation, | Case No. 17-10829 (KG) |
| Debtor. | |
| In re | Chapter 11 |
| TexCal Energy (GP) LLC, | Case No. 17- 10830 (KG) |
| Debtor. | |
| In re | Chapter 11 |
| TexCal Energy South Texas, L.P., | Case No. 17-10832 (KG) |
| Debtor. | |

| | |
|---|---|
| In re<br><br>Ellwood Pipeline, Inc.,<br><br>                Debtor. | Chapter 11<br><br>Case No. 17- 10833 (KG) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Venoco, LLC ("Venoco") and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (these "Cases") hereby move (the "Motion") for entry of an order (the "Proposed Order") directing joint administration of the above-captioned chapter 11 cases for procedural purposes only. In support of this Motion, the Debtors rely on the *Declaration of Bret Fernandes, Chief Restructuring Officer of Venoco, LLC in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration")[1] filed concurrently herewith. In further support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

2.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 1015-1 and 9013-1(m).

**Background**

4.      The Debtors are independent exploration and production companies based in Denver, Colorado. As of April 17, 2017 (the "Petition Date"), the Debtors' primary oil and gas properties are located both onshore and offshore in Southern California.

5.      Since their restructuring in 2016, the Debtors have suffered material operational and regulatory setbacks. The Plains All American Pipeline line 901, which the Debtors previously used to transport approximately 50% of their production to market, remains offline – and the Debtors anticipate that it will remain offline for approximately four to seven years from the Petition Date. Additionally, in early 2017, two of three members of the California State Lands Commission stated publicly that they were against Venoco's application for a lease line adjustment (the "LLA") related to the South Ellwood Field, thereby assuring that the project would not be approved. As more fully described in the First Day Declaration, Venoco's prior restructuring was based in large part on anticipated approval of the LLA. With these setbacks, and with looming and significant asset retirement obligations, the Debtors commenced these

Cases to effectuate a sale process or other disposition of their assets, and to facilitate an orderly wind down of operations.

6.      On the Petition Date, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed in these Cases. By a motion filed on the Petition Date, the Debtors have requested that these Cases be consolidated for procedural purposes only and administered jointly.

7.      A full description of the Debtors' business, corporate structure, prepetition indebtedness, and events leading to these Cases is set forth in the First Day Declaration.

**Relief Requested**

8.      By this Motion, the Debtors respectfully request entry of the Proposed Order substantially in the form attached hereto as **Exhibit A**, directing joint administration of these Cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for the Debtors' chapter 11 cases under the case of Venoco, LLC, and that the Cases be administered under the following caption:

**IN THE UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Venoco, LLC, *et al.*, | Case No. 17-10828 (KG) |
| Debtors.[1] | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Venoco, LLC (3555); TexCal Energy (LP) LLC (0806); Whittier Pipeline Corporation (1560); TexCal Energy (GP) LLC (0808); Ellwood Pipeline, Inc. (5631); and TexCal Energy

> South Texas, L.P. (0812). The Debtors' main corporate and mailing address for purposes of these chapter 11 cases is: Venoco, LLC, 370 17th Street, Suite 3900, Denver, CO 80202-1370.

9.      The Debtors also request that an entry be made on the docket of each of these Cases, other than the case of Venoco, LLC, to reflect the joint administration of these Cases, substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of the following entities: Venoco, LLC (3555); TexCal Energy (LP) LLC (0806); Whittier Pipeline Corporation (1560); TexCal Energy (GP) LLC (0808); Ellwood Pipeline, Inc. (5631); and TexCal Energy South Texas, L.P. (0812). All further pleadings and other papers shall be filed in, and all other further docket entries shall be made in, Case No. 17-10828 (KG).

The Debtors also request that if these Cases are initially assigned to different judges, they be transferred to the judge to whom the lowest case number was assigned.

**Basis for Relief**

10.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bank. P. 1015(b). Section 101(2) of the Bankruptcy Code defines "affiliate" to include an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor." 11 U.S.C. § 101(2)(A).

11.      In addition, Local Rule 1015-1 provides that the Court may order the joint administration of chapter 11 cases to ease the administrative burden on the Court and the parties involved:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint

administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not constitute a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.[2]

12.    As set forth in the First Day Declaration, Venoco, LLC is the direct parent of TexCal Energy (LP) LLC, Whittier Pipeline Corporation and Ellwood Pipeline, Inc. TexCal Energy (LP) LLC is the direct parent of TexCal Energy (GP) LLC and TexCal Energy South Texas, L.P. As a result, all six Debtors are "affiliates," as such term is defined in the Bankruptcy Code. Additionally, because of the Debtors' interrelated businesses, each of the motions filed in these Cases will generally implicate each of the Debtors.

13.    The Debtors also share significant obligations that they seek to restructure as part of these Cases. Accordingly, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules authorize the Court to grant the relief requested herein.

14.    Moreover, as set forth in the First Day Declaration, joint administration of these Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Each Debtor will be affected by most, if not all, of the motions, hearings and orders in these Cases. Thus, an order directing joint administration of these Cases would reduce fees and costs by avoiding duplicative filings and objections. Joint administration will

---

[2]    Section 105(a) of the Bankruptcy Code, which states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]" provides the Court with further power to grant the Debtors' requested relief. 11 U.S.C. § 105(a).

also allow the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor these Cases with greater ease and efficiency.

15.     The joint administration of these Cases will not give rise to any conflict of interest among the Debtors' estates, nor will joint administration adversely affect the Debtors' respective constituencies because this Motion requests (consistent with Local Rule 1015-1) only administrative, not substantive, consolidation of the Debtors' cases. Parties in interest will not be harmed by the relief requested, as each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, all creditors will benefit from the cost reductions associated with the joint administration of these Cases. Accordingly, the Debtors submit that joint administration of these Cases is in the best interest of the Debtors' estates, their creditors and all other parties in interest.

16.     Finally, courts in this jurisdiction routinely approve relief similar to the relief requested in this motion. *See, e.g.*, *In re La Paloma Generating Co., LLC*, *et al.*, No. 16-12700 (CSS) (Bankr. D. Del. Dec. 8, 2016) (directing joint administration of chapter 11 cases); *In re Chaparral Energy, Inc.*, *et al.*, No. 16-11144 (LSS) (Bankr. D. Del. May 11, 2016) (same); *In re Old FOH, Inc. (f/k/a/ Frederick's of Hollywood, Inc.*, *et al.*, No. 15-10836 (KG)  (Bankr. D. Del. April 21, 2015) (same).

<u>Notice</u>

17.     The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) the Delaware Secretary of State; (d) the Delaware Secretary of Treasury; (e) the Office of the United States Attorney General for the State of Delaware; and (f) the Internal Revenue Service.

As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

### **No Prior Request**

18.     No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated: April 17, 2017
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Marcy J. McLaughlin*

Robert J. Dehney (No. 3578)
Andrew R. Remming (No. 5120)
Marcy J. McLaughlin (No. 6184)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
rdehney@mnat.com
aremming@mnat.com
mmclaughlin@mnat.com

-and-

**BRACEWELL LLP**
Robert G. Burns (*pro hac vice* pending)
Robin J. Miles (*pro hac vice* pending)
David M. Riley (*pro hac vice* pending)
1251 Avenue of Americas, 49th Floor
New York, New York 10020-1104
Telephone: (212) 508-6100
Facsimile: (212) 508-6101
Robert.Burns@bracewell.com
Robin.Miles@bracewell.com
David.Riley@bracewell.com
-and-
Mark E. Dendinger (*pro hac vice* pending)
CityPlace I, 34th Floor
185 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 947-9000
Facsimile: (800) 404-3970
Mark.Dendinger@bracewell.com
-and-
Jason B. Hutt (*pro hac vice* pending)
2001 M Street, NW
Washington, District of Columbia 20036

Telephone: (202) 828-5850
Facsimile: (202) 857-2114
Jason.Hutt@bracewell.com

*Proposed Counsel for Debtors and Debtors in Possession*