## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Venoco, LLC, *et al.*, | Case No. 17-10828 (KG) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 833, 837, 879, 886, 889, 890, 905, 906, 907, 908, 915** |

## ORDER (I) APPROVING COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY THE DEBTORS AS CONTAINING ADEQUATE INFORMATION ON A FINAL BASIS AND (II) CONFIRMING COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY THE DEBTORS

**WHEREAS,** Venoco, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above captioned chapter 11 cases (the "Chapter 11 Cases") have proposed and filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (i) the *Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation Proposed by the Debtors* [D.I. 905] (the "Combined Disclosure Statement and Plan"), a final version of which is attached hereto as **Exhibit A**,[2] and (ii) the *Motion of Debtors for Entry of an Order (I) Approving the Combined Disclosure Statement and Plan on an Interim Basis for Solicitation Purposes Only; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Combined Disclosure Statement and Plan; (III) Approving the Form of Ballot and Solicitation Packages; (IV) Establishing the Voting Record*

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Venoco, LLC (3555); TexCal Energy (LP) LLC (0806); Whittier Pipeline Corporation (1560); TexCal Energy (GP) LLC (0808); Ellwood Pipeline, Inc. (5631); and TexCal Energy South Texas, L.P. (0812). The Debtors' main corporate and mailing address for purposes of the Chapter 11 Cases is: Venoco, LLC, 3700 Quebec Street, Suite 100-223, Denver, CO 80207.

[2] All capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

*Date; (V) Scheduling a Combined Hearing for Final Approval of the Adequacy of Disclosures in, and Confirmation of, the Combined Disclosure Statement and Plan; and (VI) Granting Related Relief* [D.I. 815] (the "Motion");

**WHEREAS,** on March 23, 2018, the Bankruptcy Court entered the *Order (I) Approving the Combined Disclosure Statement and Plan on an Interim Basis for Solicitation Purposes Only; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Combined Disclosure Statement and Plan; (III) Approving the Form of Ballot and Solicitation Packages; (IV) Establishing the Voting Record Date; (V) Scheduling a Combined Hearing for Final Approval of the Adequacy of Disclosures in, and Confirmation of, the Combined Disclosure Statement and Plan; and (VI) Granting Related Relief* [D.I. 837] (the "Interim Approval and Procedures Order"), conditionally approving the Combined Disclosure Statement and Plan for solicitation purposes only and authorizing the Debtors to solicit the Combined Disclosure Statement and Plan;

**WHEREAS,** due notice of the Combined Hearing has been given to holders of Claims, Interests and other parties in interest in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Interim Approval and Procedures Order, as set forth in the *Affidavit of Service* [D.I. 846] (the "Solicitation Affidavit") and the *Affidavit of Publication* [D.I. 847] (the "Publication Affidavit");

**WHEREAS,** in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Interim Approval and Procedures Order, solicitation packages containing a Ballot, the Combined Disclosure Statement and Plan, the Interim Approval and Procedures Order (without certain exhibits), and notice of the Combined Hearing (collectively, the "Solicitation Packages") were transmitted to holders of Claims in Classes 3 and 4 (the "Voting Classes");

**WHEREAS,** on April 27, 2018, the Debtors filed the *Notice of Filing Plan Supplement to Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation Proposed by the Debtors* [D.I. 879] (as amended or supplemented from time to time, the "Plan Supplement");

**WHEREAS,** on May 4, 2018, the U.S. Trustee filed the *Objection of the United States Trustee to Confirmation of the Debtors' Plan of Liquidation* [D.I. 886];

**WHEREAS,** on May 8, 2018, the Debtors and Chevron (as defined below) filed the *Emergency Joint Motion for Entry of a Stipulated Order, Pursuant to Bankruptcy Rules 9019 and 3018, Regarding Modifications to be Made to (A) the Releases and Exculpation Provisions Contained in the Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation and (B) the Votes of Chevron U.S.A. Inc. and its Affiliates with Respect to Approval of the Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [D.I. 890] (the "Chevron Stipulation Motion"), which the Court entered on May 22, 2018 [D.I. 915].

**WHEREAS,** on May 21, 2018, the Debtors filed a revised version of the Combined Disclosure Statement and Plan [D.I. 905];

**WHEREAS,** on May 21, 2018, Prime Clerk LLC filed the *Declaration of James Daloia of Prime Clerk LLC Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation Proposed by the Debtors* [D.I. 906] (the "Prime Clerk Declaration"), containing a tabulation of all valid Ballots received and demonstrating acceptance of the Combined Disclosure Statement and Plan by the Voting Classes (the "Voting Certification");

**WHEREAS** on May 21, 2018, the Debtors filed the *Debtors' Memorandum of Law in Support of Confirmation of the Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation Proposed by the Debtors* [D.I. 907] (the "Confirmation Brief");

WHEREAS on May 21, 2018, the Debtors filed the *Declaration of Bret Fernandes in Support of Confirmation of the Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation Proposed by the Debtors* [D.I. 908] (the "Confirmation Support Declaration");

WHEREAS, on May 23, 2018, the Bankruptcy Court conducted the Combined Hearing to consider, on a final basis, whether the Combined Disclosure Statement and Plan contained adequate information within the meaning of section 1125(a) of the Bankruptcy Code, and Confirmation of the Combined Disclosure Statement and Plan.

NOW, THEREFORE, based upon the Bankruptcy Court's consideration of the entire record of the Chapter 11 Cases, including, among other things, (i) the Combined Disclosure Statement and Plan, (ii) the Motion, (iii) the Solicitation Affidavit, (iv) the Publication Affidavit, (v) the Confirmation Brief, (vi) the Confirmation Support Declaration, (vii) any objections to the Combined Disclosure Statement and Plan, and (viii) the Combined Hearing, and the Bankruptcy Court having found the Combined Disclosure Statement and Plan contains adequate information within the meaning of section 1125(a) of the Bankruptcy Code and is confirmable in its current form and all objections thereto have either been settled, withdrawn or overruled at the Combined Hearing, and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY FOUND AND DETERMINED THAT[3]:

A.    Findings and Conclusions. The findings and conclusions set forth herein and in the record of the Combined Hearing constitute the Bankruptcy Court's findings of fact and conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following

---

[3] To the extent any findings of fact constitute conclusions of Law or vice-versa, they shall be construed as such.

findings of fact constitute conclusions of Law, they are adopted as such. To the extent any of the following conclusions of Law constitute findings of fact, they are adopted as such.

      B.     <u>Jurisdiction, Venue, Core Proceeding.</u> On the Petition Date, the Debtors commenced with this Bankruptcy Court voluntary cases under chapter 11 of the Bankruptcy Code. The Bankruptcy Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. Approval of the Combined Disclosure Statement and Plan and Confirmation of the Combined Disclosure Statement and Plan are core proceedings pursuant to 28 U.S.C. § 157(b), and this Bankruptcy Court has jurisdiction to enter a Final Order with respect thereto. The Debtors are eligible debtors under section 109 of the Bankruptcy Code. Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtors are the plan proponents in accordance with section 1121(a) of the Bankruptcy Code.

      C.     <u>No Official Committee of Unsecured Creditors.</u> On May 5, 2017, the Office of the United States Trustee for the District of Delaware filed a statement with the Bankruptcy Court [D.I. 104] providing that a statutory unsecured Creditors committee has not been appointed in the Chapter 11 Cases.

      D.     <u>Judicial Notice.</u> The Bankruptcy Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the clerk of the Bankruptcy Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Cases.

      E.     <u>Approval Under Section 1125.</u> The Combined Disclosure Statement and Plan contains adequate information within the meaning of section 1125(a) of the Bankruptcy Code.

F.    <u>Interim Approval and Procedures Order Compliance.</u> The Debtors have complied with the Interim Approval and Procedures Order, including the solicitation process, in all respects.

G.    <u>Burden of Proof.</u> The Debtors have the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence. The Debtors have met this burden.

H.    <u>Voting.</u> As evidenced by the Voting Certification, votes to accept or reject the Combined Disclosure Statement and Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code and the Bankruptcy Rules, the solicitation process set forth in the Interim Approval and Procedures Order, and applicable non-bankruptcy Law.

I.    <u>Solicitation.</u> The Solicitation Packages were transmitted, served and published in compliance with the Bankruptcy Code, the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, and the Interim Approval and Procedures Order. The form of the Ballot adequately addressed the particular needs of the Chapter 11 Cases and is appropriate for the holders of Claims in the Voting Classes, which are Impaired under the Combined Disclosure Statement and Plan, and may receive a distribution under the Combined Disclosure Statement and Plan, and whose votes were, therefore, solicited.

1.    The period during which the Debtors solicited acceptances of the Combined Disclosure Statement and Plan was reasonable in the circumstances of the Chapter 11 Cases and enabled holders of Claims to make an informed decision to accept or reject the Combined Disclosure Statement and Plan. The Debtors were not required to solicit votes from the holders of Claims in the following Classes as each such Class is Unimpaired under the Combined Disclosure Statement and Plan and thus conclusively presumed to have accepted the Combined Disclosure Statement and Plan: Class 1 (Secured Claims) and Class 2 (Other Priority Claims).

2.      The Debtors also were not required to solicit votes from the holders of Claims or Interests in Class 5 (Subordinated Claims) and Class 6 (Interests) (collectively, the "Deemed Rejecting Classes") as each such Class will receive no recovery under the Combined Disclosure Statement and Plan and is deemed to reject the Combined Disclosure Statement and Plan.

3.      As described in and as evidenced by the Voting Certification and the Solicitation Affidavit, the transmittal and service of the Solicitation Packages was timely, adequate, and sufficient under the circumstances. The solicitation of votes on the Combined Disclosure Statement and Plan complied with the Interim Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, Laws, and regulations. In connection therewith, the Debtors, and any and all affiliates, members, managers, shareholders, partners, employees, attorneys and advisors of the foregoing are entitled to the protection of section 1125(e) of the Bankruptcy Code.

J.      Good Faith. The Debtors have not engaged in any collusive or unfair conduct in connection with the Combined Disclosure Statement and Plan. The Combined Disclosure Statement and Plan was negotiated and conducted at arms'-length and without collusion with any Person or Entity.

K.      Notice. As is evidenced by the Voting Certification and the Solicitation Affidavit, the transmittal and service of the Solicitation Packages were adequate and sufficient under the circumstances, and all parties required to be given notice of the Combined Hearing (including the deadline for filing and serving objections to Confirmation of the Combined Disclosure Statement and Plan) have been given due, proper, timely, and adequate notice in accordance with the Interim Approval and Procedures Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy Law, and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

L.      Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)). The Combined Disclosure Statement and Plan complies with the applicable provisions of the

Bankruptcy Code and, as required by Bankruptcy Rule 3016, the Combined Disclosure Statement and Plan is dated and identifies the Debtors as plan proponents, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

M.   The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Debtors have complied with all applicable provisions of the Bankruptcy Code, satisfying the requirements of section 1129(a)(2) of the Bankruptcy Code.

N.   Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Combined Disclosure Statement and Plan has been proposed in good faith and not by any means forbidden by Law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.

O.   Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Debtors, or by a Person issuing securities or acquiring property under the Combined Disclosure Statement and Plan, for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Combined Disclosure Statement and Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

P.   Liquidating Trustee, Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5)). The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code. The identity, affiliations and compensation of the Liquidating Trustee proposed to serve after the Effective Date have been fully disclosed in the Liquidating Trust Agreement.

Q.   No Rate Changes (11 U.S.C. § 1129(a)(6)). The Combined Disclosure Statement and Plan does not provide for rate changes by any of the Debtors or the Liquidating Trustee, on behalf of the Liquidating Trust. Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable.

R.    <u>Best Interest of Creditors (11 U.S.C. 1129(a)(7)).</u> The Combined Disclosure Statement and Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis provided in the Combined Disclosure Statement and Plan, and the other evidence proffered or adduced at or in connection with the Combined Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that each holder of an Impaired Claim or Interest either has accepted the Combined Disclosure Statement and Plan or will receive or retain under the Combined Disclosure Statement and Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

S.    <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).</u> All Classes of Claims or Interests either voted to accept the Combined Disclosure Statement and Plan *(i.e.,* Classes 3 and 4) or were deemed to accept the Combined Disclosure Statement and Plan *(i.e.,* Classes 1 and 2). The Deemed Rejecting Classes are Impaired by the Combined Disclosure Statement and Plan and are not entitled to receive or retain any property under the Combined Disclosure Statement and Plan and, therefore, are deemed to have rejected the Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code. As found and determined below, pursuant to section 1129(b)(1) of the Bankruptcy Code, the Combined Disclosure Statement and Plan may be confirmed notwithstanding the fact that the Deemed Rejecting Classes are Impaired and are deemed to have rejected the Combined Disclosure Statement and Plan.

T.    <u>Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9)).</u> The treatment of Allowed Administrative Expense Claims under the Combined Disclosure Statement and Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy

Code. The treatment of Priority Tax Claims pursuant to the Combined Disclosure Statement and Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

U. Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)). Holders of Claims in the Voting Classes voted to accept the Combined Disclosure Statement and Plan, determined without including any acceptance of the Combined Disclosure Statement and Plan by any insider, thereby satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

V. Feasibility (11 U.S.C. § 1129(a)(11)). The Combined Disclosure Statement and Plan provides for liquidation of the Debtors. Therefore, Confirmation of the Combined Disclosure Statement and Plan is not likely to be followed by the need for further financial reorganization of the Debtors, thereby satisfying (or eliminating the need to consider) section 1129(a)(11) of the Bankruptcy Code.

W. Payment of Fees (11 U.S.C. 1129(a)(12)). The Combined Disclosure Statement and Plan provides that on the Effective Date the Debtors (and after the Effective Date as may be required, the Liquidating Trustee) shall pay all fees payable pursuant to section 1930 of title 28 of the United States Code, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

X. Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)). The Debtors do not maintain retirement plans or other benefits obligations. Accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable to the Combined Disclosure Statement and Plan.

Y. No Domestic Support Obligations (11 U.S.C. 1129(a)(14)). The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

Z.      The Debtors are Not Individuals (11 U.S.C. § 1129(a)(15)). The Debtors are not individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

AA.     No Applicable Non-bankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16)). The Debtors are moneyed, business, and/or commercial corporations, and accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

BB.     Fair and Equitable, No Unfair Discrimination (11 U.S.C. § 1129(b)). Holders of Claims and Interests in the Deemed Rejecting Classes are deemed to have rejected the Combined Disclosure Statement and Plan. Based upon the evidence proffered, adduced, and presented by the Debtors at the Combined Hearing, including the Confirmation Support Declaration, the Combined Disclosure Statement and Plan does not discriminate unfairly and is fair and equitable with respect to the Deemed Rejecting Classes, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code. Thus, the Combined Disclosure Statement and Plan may be confirmed notwithstanding the deemed rejection of the Combined Disclosure Statement and Plan by the Deemed Rejecting Classes.

CC.     Only One Plan (11 U.S.C. § 1129(c)). The Combined Disclosure Statement and Plan is the only plan filed in the Chapter 11 Cases, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in the Chapter 11 Cases.

DD.     Principal Purpose of the Plan (11 U.S.C. §1129(d)). The principal purpose of the Combined Disclosure Statement and Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act, and no Governmental Unit has objected to the Confirmation of the Combined Disclosure Statement and Plan on any such grounds. Therefore, the Combined Disclosure Statement and Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

EE.   <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based on the record before the Bankruptcy Court and the record of the Chapter 11 Cases, the Debtors and their agents, successors, predecessors, control persons, members, officers, directors, employees and agents and their respective attorneys, financial advisors, investment bankers, accountants, and other professionals retained by such Persons, in each case, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any applicable non-bankruptcy Law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances to the Combined Disclosure Statement and Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and therefore are not, and on account of such offer, issuance and solicitation will not be, liable at any time for the violation of any applicable Law, rule, or regulation governing the solicitation of acceptances or rejections of the Combined Disclosure Statement and Plan and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and, to the extent such parties are listed therein, the exculpation provisions set forth in Article XV.C. of the Combined Disclosure Statement and Plan.

FF.   <u>Implementation.</u> All documents necessary to implement the Combined Disclosure Statement and Plan, and all other relevant and necessary documents have been developed and negotiated in good faith and at arms-length and shall, upon completion of documentation and execution, and subject to the occurrence of the Effective Date, be valid, binding, and enforceable agreements and not be in conflict with any federal or state Law.

GG.   <u>Releases.</u> The Bankruptcy Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the releases set forth in Article XV.D and Article XV.E and the related injunction in Article XV.F, and elsewhere in the Combined

Disclosure Statement and Plan and this Confirmation Order. Section 105(a) of the Bankruptcy Code permits approval of the releases set forth in Article XV.D and Article XV.E and the related injunction in Article XV.F, and elsewhere in the Combined Disclosure Statement and Plan and this Confirmation Order, because, as has been established based upon the record in the Chapter 11 Cases and the evidence presented at the Combined Hearing, such provisions (i) were integral to achieving settlement among the various parties in interest and are essential to the formulation and implementation of the Combined Disclosure Statement and Plan, as provided in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtors' Estates, (iii) are fair, equitable, and reasonable, (iv) are in the best interests of the Debtors, their Estates, and all parties in interest, and (v) with respect to the third party releases, such releases have been consented to by the Releasing Parties.

HH.    Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the exculpation provision and the releases set forth in the Combined Disclosure Statement and Plan and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtors, and their Estates, Creditors, and equity holders. The record of the Combined Hearing and the Chapter 11 Cases is sufficient to support the exculpation provision set forth in Article XV.C and the releases provided for in Article XV.D and Article XV.E and the related injunction in Article XV.F, of the Combined Disclosure Statement and Plan. Accordingly, based upon the record of the Chapter 11 Cases, the representations of the parties, and/or the evidence proffered, adduced, and/or presented at the Combined Hearing, this Bankruptcy Court finds that the exculpation provision set forth in Article XV.C and the releases set forth in Article XV.D and Article XV.E and the related injunction in Article XV.F, of the Combined Disclosure Statement and Plan are consistent with the Bankruptcy Code and applicable Law. The failure to implement the release provisions of the

13

Combined Disclosure Statement and Plan would nullify the settlement among the parties in interest and prevent Confirmation of the Combined Disclosure Statement and Plan.

II.    No provision in the Combined Disclosure Statement and Plan, the Plan Supplement, or the Confirmation Order, including the release, settlement, injunction, and related provisions in Article XV of the Combined Disclosure Statement and Plan, will estop or preclude the State of California (including the California State Lands Commission and the Department of Conservation and Division of Oil, Gas, and Geothermal Resources, "CSLC") and/or Aspen from asserting and pursuing any claims, causes of actions, rights, or theories of liabilities against any non-Released Party or non-Exculpated Party, arising out of and/or in relation to state oil and gas leases PRC 3120, PRC 3242, and PRC 421, nor do the Debtors, CSLC nor Aspen intend for any non-Released Party or non-Exculpated Party to raise any provision in the Combined Disclosure Statement and Plan, the Plan Supplement, or the Confirmation Order, including the release, settlement, injunction, and related provisions in Article XV of the Combined Disclosure Statement and Plan, as a defense against any such claims, causes of action, rights or theories of liability.

JJ.    A new Article XV.L shall be added to the Combined Disclosure Statement and Plan to read in its entirety as follows:

> Releases for Chevron. Notwithstanding anything to the contrary in (i) the Ballots submitted by Chevron U.S.A. Inc., Chevron Pipe Line Company, Chevron Environmental Management Company, Union Oil Company of California, Texaco Inc. or any of their Affiliates (collectively, "Chevron") voting to accept the Combined Disclosure Statement and Plan and (ii) this Confirmation Order, the Combined Disclosure Statement and Plan, the Interim Approval and Procedures Order and all related documents and agreements, the release granted by Chevron under the Combined Disclosure Statement and Plan shall be limited to the following Entities, and the definition of "Released Parties" as used in the Combined Disclosure Statement and Plan solely with respect to Chevron shall mean and be limited solely to, individually and collectively, (a) the Debtors, (b) the Liquidating Trustee and, (c) with respect to the foregoing clauses (a) and (b), such Entities' current and former officers, directors, managers, employees, agents,

advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives and all other professionals and retained Professionals (in each case as to the foregoing Entities and Persons in clauses (a), (b) and (c), solely in their capacity as such). For the avoidance of doubt, Chevron is not releasing any rights, claims or causes of action, if any, against (x) any non-Debtor Affiliates, (y) any of the Debtors' members, equity holders or partners or (z) any surety bonds, proceeds or similar financial assurance.

KK.   A new Article XV.M shall be added to the Combined Disclosure Statement and Plan to read in its entirety as follows:

Exculpation for Chevron. Notwithstanding anything to the contrary in this Confirmation Order, the Combined Disclosure Statement and Plan, the Interim Approval and Procedures Order and all related documents and agreements, the exculpation contained in Article XV.C of the Combined Disclosure Statement and Plan shall be limited solely with respect to Chevron to the following Entities, and the definition of "Exculpated Parties" as used in the Combined Disclosure Statement and Plan solely with respect to Chevron shall mean and be limited solely to, individually and collectively, (a) the Debtors, (b) the Liquidating Trustee and, (c) with respect to the foregoing clauses (a) and (b), such Entities' current and former officers, directors, managers, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives and all other professionals and retained Professionals (in each case as to the foregoing Entities and Persons in clauses (a), (b) and (c), solely in their capacity as such). For the avoidance of doubt, Chevron is not exculpating any rights, claims or causes of action, if any, against (x) any non-Debtor Affiliates, (y) any of the Debtors' members, equity holders or partners or (z) any surety bonds, proceeds or similar financial assurance.

LL.   Notwithstanding Exxon Mobil Corporation's election in its Ballots to opt out of the releases by holders of Claims and Interests, Exxon Mobil Corporation is deemed to provide the releases by holders of Claims and Interests solely with respect to the financial advisors, attorneys, accountants, investment bankers, consultants, and other professionals and retained Professionals of the Debtors and the Liquidating Trustee, each in their respective capacities as such. Exxon Mobil Corporation is not deemed to provide the releases by holders of Claims and Interests with respect to any other Released Parties under the Combined Disclosure Statement and Plan.

MM.   In resolution of the U.S. Trustee Objection, the Debtors and the U.S. Trustee have agreed to following language regarding the exculpation and third-parties release provisions under the Combined Disclosure Statement and Plan:

> **Except as otherwise specifically provided in the Combined Disclosure Statement and Plan or the Confirmation Order, none of the Exculpated Parties shall have or incur any liability to any holder of a Claim, Cause of Action or Interest for any act or omission occurring after the Petition Date and before the Effective Date in connection with, related to or arising out of the Chapter 11 Cases, the negotiation of any settlement or agreement, contract, instrument, release or document created or entered into in connection with the Combined Disclosure Statement and Plan or in the Chapter 11 Cases (including the Plan Supplement and, in each case, any documents and related post-petition transactions related thereto), the pursuit of Confirmation and Consummation of the Combined Disclosure Statement and Plan, the preparation and distribution of the Combined Disclosure Statement and Plan, the offer, issuance and distribution of any securities issued or to be issued under or in connection with the Combined Disclosure Statement and Plan, any other post-Petition Date, pre-Effective Date act taken or omitted to be taken in connection with or in contemplation of the liquidation of the Debtors or the administration of the Combined Disclosure Statement and Plan or the property to be distributed under the Combined Disclosure Statement and Plan, except for any act or omission that is determined in a Final Order to have constituted willful misconduct (including, without limitation, actual fraud) or gross negligence. Each Exculpated Party shall be entitled to reasonably rely upon the advice of counsel concerning his, her or its duties pursuant to, or in connection with, the Combined Disclosure Statement and Plan. The Exculpated Parties have, and upon Confirmation of the Combined Disclosure Statement and Plan shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the distributions of the securities pursuant to the Combined Disclosure Statement and Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable Law, rule or regulation governing the solicitation of acceptances or rejections of the Combined Disclosure Statement and Plan or such distributions made pursuant to the Combined Disclosure Statement and Plan.**

"Exculpated Parties" means, individually and collectively, the Debtors and their current and former officers, directors, principals, members, partners, managers, employees, agents, advisory board members, and retained Professionals (in each case as to the foregoing Entities, solely in their capacity as such).

"Releasing Parties" means, individually and collectively, (a) each holder of a Claim that (i) votes to accept the Combined Disclosure Statement and Plan, (ii)

abstains from voting on the Combined Disclosure Statement and Plan, or (iii) votes to reject the Combined Disclosure Statement and Plan and does not opt out of the releases contained in the Combined Disclosure Statement and Plan, and (b) as to each of the foregoing Entities in the foregoing clause (a), each such Entities' and their Affiliates' current and former officers, directors, principals, members, partners, managers, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives and all other professionals and retained Professionals (in each case as to the foregoing Entities and their Affiliates in clause (a), solely in their capacity as such); provided, however, that the United States shall not be a Releasing Party, regardless of whether it votes on the Combined Disclosure Statement and Plan

NN.    Based on the foregoing, the Combined Disclosure Statement and Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    <u>Findings of Fact and Conclusions of Law.</u> The above-referenced findings of fact and conclusions of Law are hereby incorporated by reference as though fully set forth herein.

2.    <u>Notice of the Combined Hearing.</u> Notice of the Combined Hearing complied with the terms of the Interim Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.

3.    <u>Adequate Information.</u> The Combined Disclosure Statement and Plan is approved on a final basis as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, and any objections to the adequacy of the information contained in the Combined Disclosure Statement and Plan not otherwise consensually resolved are overruled.

4.    <u>Solicitation.</u> The solicitation of votes on the Combined Disclosure Statement and Plan complied with the Interim Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance

with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy Law.

5.     Ballots. The form of Ballots annexed as Exhibits 3-A and 3-B to the Interim Approval and Procedures Order was in compliance with Bankruptcy Rule 3018(c), and as modified, substantially conforms to Official Form Number 314, and is approved in all respects.

6.     Confirmation of the Combined Disclosure Statement and Plan. The Combined Disclosure Statement and Plan, attached hereto as **Exhibit A**, is approved and confirmed under section 1129 of the Bankruptcy Code. The terms of the Combined Disclosure Statement and Plan are incorporated by reference into, and are an integral part of, this Confirmation Order.

7.     Objections Resolved or Overruled. All objections, responses, statements and comments in opposition to the Combined Disclosure Statement and Plan, other than those withdrawn with prejudice, waived, or settled prior to, or on the record at, the Combined Hearing, shall be, and hereby are, overruled in their entirety.

8.     General Authorizations. The Combined Disclosure Statement and Plan was approved by all officers of the Debtors whose approval was necessary. Pursuant to the appropriate provisions of the corporate or business organizations Law of the applicable states of organization of the Debtors, and section 1142(b) of the Bankruptcy Code, no additional action of the respective directors, members, managers or equity holders of the Debtors shall be required to authorize the Debtors to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Combined Disclosure Statement and Plan and any contract, instrument, or other document to be executed, delivered, adopted or amended in connection with the implementation of the Combined Disclosure Statement and Plan.

9.      Binding Effect. On the date of and following entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Combined Disclosure Statement and Plan shall bind the Debtors, all holders of Claims and Interests (irrespective of whether such Claims or Interests are Impaired under the Combined Disclosure Statement and Plan or whether the holders of such Claims or Interests have accepted the Combined Disclosure Statement and Plan), any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtors, any other party in interest in the Chapter 11 Cases, and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

10.     Vesting of Assets. As of the Effective Date, pursuant to the provisions of section 1141(b) and (c) of the Bankruptcy Code, all Liquidating Trust Assets shall vest in the Liquidating Trust free and clear of all Claims, Liens, encumbrances, charges, membership interests and other interests, except as otherwise expressly provided in the Combined Disclosure Statement and Plan or this Confirmation Order, and subject to the terms and conditions of the Combined Disclosure Statement and Plan and this Confirmation Order.

11.     Implementation of the Combined Disclosure Statement and Plan. The Debtors and the Liquidating Trustee, as applicable, are hereby authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements, and take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Combined Disclosure Statement and Plan. On the Effective Date, the Liquidating Trustee is authorized and empowered to issue, execute, file, and deliver or record such documents, contracts, instruments, releases and other agreements in the name of the Liquidating Trust and on behalf of the Debtors.

12.    <u>Compromise of Controversies.</u> In consideration for the distributions and other benefits, including releases, provided under the Combined Disclosure Statement and Plan, the provisions of the Combined Disclosure Statement and Plan constitute a good faith compromise and settlement of all Claims and controversies resolved under the Combined Disclosure Statement and Plan. Consideration for all such compromises, settlements, and releases is adequate, and the entry of this Confirmation Order constitutes approval of such compromises and settlements under Bankruptcy Rule 9019, subject to the provisions of the Combined Disclosure Statement and Plan.

13.    <u>Rejection of Executory Contracts and Unexpired Leases.</u> Except as is set forth in the Combined Disclosure Statement and Plan, pursuant to Article XIV of the Combined Disclosure Statement and Plan, as of the Effective Date, each of the remaining Executory Contracts and Unexpired Leases to which any of the Debtors is a party are hereby rejected as of the Effective Date, unless such contract or lease: (i) previously has been rejected by the Debtors pursuant to a Final Order of the Bankruptcy Court; (ii) expired or terminated pursuant to its own terms; (iii) is the subject of a motion to assume or reject pending before the Bankruptcy Court as of the Confirmation Date; or (iv) relates to the D&O Policies and the Insurance Contracts.

14.    <u>Conditions to Effectiveness.</u> The Combined Disclosure Statement and Plan shall not become effective unless and until the conditions set forth in Article XVI.B of the Combined Disclosure Statement and Plan have been satisfied or waived pursuant to Article XVI.C of the Combined Disclosure Statement and Plan.

15.    <u>Professional Compensation.</u> Except as provided in the Combined Disclosure Statement and Plan, all Entities seeking awards by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date, shall file and serve their respective final applications for allowance

of compensation for services rendered and reimbursement of expenses incurred by the date that is 60 calendar days after the Effective Date. Upon the Effective Date, any requirement that Professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and Professionals may be employed by the Liquidating Trustee on behalf of the Liquidating Trust and paid in the ordinary course of business without any further notice to, or action, order, or approval of, the Bankruptcy Court. Any Allowed Professional Fee Claims shall be paid in accordance with Article VIII.B of the Combined Disclosure Statement and Plan.

16.     Exculpation. Except as otherwise specifically provided in the Combined Disclosure Statement and Plan or this Confirmation Order, none of the Exculpated Parties shall have or incur any liability to any holder of a Claim, Cause of Action or Interest for any act or omission in connection with, related to or arising out of the Chapter 11 Cases, the negotiation of any settlement or agreement, contract, instrument, release or document created or entered into in connection with the Combined Disclosure Statement and Plan or in the Chapter 11 Cases (including the Plan Supplement and, in each case, any documents and related prepetition transactions related thereto), the pursuit of Confirmation and Consummation of the Combined Disclosure Statement and Plan, the preparation and distribution of the Combined Disclosure Statement and Plan, the offer, issuance and distribution of any securities issued or to be issued under or in connection with the Combined Disclosure Statement and Plan, any other prepetition or postpetition act taken or omitted to be taken in connection with or in contemplation of the liquidation of the Debtors or the administration of the Combined Disclosure Statement and Plan or the property to be distributed under the Combined Disclosure Statement and Plan, except for any act or omission that is determined in a Final Order to have constituted willful misconduct (including, without limitation, actual fraud) or gross negligence. Each Exculpated Party shall be

entitled to reasonably rely upon the advice of counsel concerning his, her or its duties pursuant to, or in connection with, the Combined Disclosure Statement and Plan. The Exculpated Parties have, and upon Confirmation of the Combined Disclosure Statement and Plan shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the distributions of the securities pursuant to the Combined Disclosure Statement and Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable Law, rule or regulation governing the solicitation of acceptances or rejections of the Combined Disclosure Statement and Plan or such distributions made pursuant to the Combined Disclosure Statement and Plan.

17.    <u>Binding Exculpation Provision.</u> All exculpation provisions embodied herein and/or in the Combined Disclosure Statement and Plan, including without limitation those contained in Article XV.C of the Combined Disclosure Statement and Plan, are approved and shall be effective and binding on all Persons and Entities, except with respect to those Persons and Entities excepted from granting exculpations as specifically provided in the Combined Disclosure Statement and Plan or in this Confirmation Order.

18.    <u>Releases by the Debtors.</u> Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Combined Disclosure Statement and Plan or this Confirmation Order, on and after the Effective Date, for good and valuable consideration, including their cooperation and contributions to the Chapter 11 Cases, the Released Parties shall be deemed released by the Debtors and their Estates and the Liquidating Trustee from any and all Claims, obligations, debts, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, asserted or unasserted, existing or hereinafter arising, in law, equity or otherwise, whether for tort, fraud, contract, violations of federal or state Laws or otherwise, including Avoidance

Actions, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability or otherwise that the Debtors, their Estates and the Liquidating Trustee or their Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity or that any holder of a Claim or Interest or other Entity would have been legally entitled to assert derivatively for or on behalf of the Debtors, or their Estates, based on, relating to or in any manner arising from, in whole or in part, the Debtors, the Liquidating Trustee, the Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Disclosure Statement and Plan, the business or contractual arrangements between the Debtors and any Released Party excluding any assumed Executory Contract or Unexpired Lease, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation or preparation of the Combined Disclosure Statement and Plan, the Plan Supplement, the Liquidating Trust Agreement or, in each case, related agreements, instruments or other documents, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that is determined in a Final Order to have constituted willful misconduct (including, without limitation, actual fraud) or gross negligence; provided that if any Released Party directly or indirectly brings or asserts any Claim or Cause of Action that has been released or is contemplated to be released pursuant to the Combined Disclosure Statement and Plan in any way arising out of or related to any document or transaction that was in existence prior to the Effective Date against any other Released Party, and such Released Party does not abandon such Claim or Cause of Action upon request, then the release set forth in the Combined Disclosure Statement and Plan shall automatically and

retroactively be null and void ab initio with respect to the Released Party bringing or asserting such Claim or Cause of Action; provided further, that the immediately preceding proviso shall not apply to (i) any action by a Released Party in the Bankruptcy Court (or any other court determined to have competent jurisdiction), including any appeal therefrom, to prosecute the amount, priority or secured status of any prepetition or ordinary course administrative Claim against the Debtors or (ii) any release or indemnification provided for in any settlement or granted under any other court order, provided that in the case of (i) and (ii), the Debtors shall retain all defenses related to any such action. Notwithstanding anything contained herein to the contrary, the foregoing release shall not release any obligation of any party under the Combined Disclosure Statement and Plan or any document, instrument or agreement executed to implement the Combined Disclosure Statement and Plan.

19.    Entry of this Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases embodied herein and/or in Article XV.D of the Combined Disclosure Statement and Plan, which includes by reference each of the related provisions and definitions contained in the Combined Disclosure Statement and Plan, and further, shall constitute its finding that each release described in the Combined Disclosure Statement and Plan is (i) in exchange for the good and valuable consideration provided by the Released Parties, a good faith settlement and compromise of such Claims, (ii) in the best interests of the Debtors and all holders of Interests and Claims, (iii) fair, equitable and reasonable; (iv) given and made after due notice and opportunity for hearing and (v) a bar to the Debtors asserting any claim, Cause of Action or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.

20.    <u>Voluntary Releases by the Holders of Claims or Interests.</u> Except as otherwise specifically provided in the Combined Disclosure Statement and Plan or this

24

Confirmation Order, on and after the Effective Date, for good and valuable consideration, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released the Released Parties from any and all Claims, Interests, obligations, debts, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, asserted or unasserted, existing or hereinafter arising, in law, equity or otherwise, whether for tort, fraud, contract, violations of federal or state Laws or otherwise, including Avoidance Actions, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability or otherwise that such Releasing Party would have been legally entitled to assert (whether individually or collectively), based on, relating to or in any manner arising from, in whole or in part, the Debtors, the Estates, the Liquidating Trustee, the Chapter 11 Cases, the sale or rescission of the purchase or sale of any equity security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Disclosure Statement and Plan, the business or contractual arrangements between the Debtors and any Releasing Party excluding any assumed Executory Contract or Unexpired Lease, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation or preparation of the Combined Disclosure Statement and Plan, the Plan Supplement, the Liquidating Trust Agreement, or, in each case, related agreements, instruments or other documents, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that is determined in a Final Order to have constituted willful misconduct (including, without limitation, actual fraud) or gross negligence; provided that any holder of a Claim or Interest that elects to opt out of the releases contained in the Combined Disclosure Statement and Plan shall not receive the benefit of the releases set forth in the Combined Disclosure Statement

and Plan (even if for any reason otherwise entitled). Notwithstanding anything contained herein to the contrary, the foregoing release shall not release any obligation of any party under the Combined Disclosure Statement and Plan or any document, instrument or agreement executed to implement the Combined Disclosure Statement and Plan.

21.     Entry of this Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the voluntary releases by the holders of Claims and Interests embodied herein and/or in Article XV.E the Combined Disclosure Statement and Plan, except any Person or Entity deemed not to be a Releasing Party as specifically provided in the Combined Disclosure Statement and Plan or in this Confirmation Order, which includes by reference each of the related provisions and definitions contained in the Combined Disclosure Statement and Plan, and further, shall constitute its finding that each release described in the Combined Disclosure Statement and Plan is (i) in exchange for the good and valuable consideration provided by the Released Parties, a good faith settlement and compromise of such Claims, (ii) in the best interests of the Debtors and all holders of Interests and Claims, (iii) fair, equitable and reasonable; (iv) given and made after due notice and opportunity for hearing and (v) a bar to the Debtors asserting any claim, Cause of Action or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.

22.     <u>Injunctions Relating to Releases.</u> Except as otherwise specifically provided in the Combined Disclosure Statement and Plan or this Confirmation Order, all Persons or Entities who have held, hold or may hold Claims or Interests that arose prior to the Effective Date, and all other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, representatives and Affiliates, are permanently enjoined, from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Interest, against the property

or interest in property of the Debtors, other than to enforce any right to a distribution pursuant to the Combined Disclosure Statement and Plan, (ii) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against property or interest in property to be distributed pursuant to the Combined Disclosure Statement and Plan, other than to enforce any right to a distribution pursuant to the Combined Disclosure Statement and Plan, (iii) creating, perfecting or enforcing any Lien or encumbrance of any kind against the property or interests in property to be distributed pursuant to the Combined Disclosure Statement and Plan, other than to enforce any right to a distribution pursuant to the Combined Disclosure Statement and Plan or (iv) asserting any right of setoff or subrogation of any kind against any obligation due from the Debtors or against the property or interests in property of the Debtors, with respect to any such Claim or Interest, except to the extent a right to setoff is asserted with respect to a timely-filed Proof of Claim. Such injunction shall extend to the Liquidating Trustee, Liquidating Trust and any Liquidating Subtrust, as successor to the Debtors, and the Liquidating Trust Assets.

23.    <u>Binding Release Provisions.</u> All release provisions embodied herein and/or in the Combined Disclosure Statement and Plan, including without limitation those contained in Article XV.D and Article XV.E of the Combined Disclosure Statement and Plan, are approved and shall be effective and binding on all Persons and Entities, except to the extent provided otherwise in the Combined Disclosure Statement and Plan or in this Confirmation Order.

24.    <u>Preservation of Causes of Action.</u> Pursuant to Article XV.H of the Combined Disclosure Statement and Plan, the Causes of Action shall be and are hereby preserved, except as provided otherwise in the Combined Disclosure Statement and Plan or any Final Order of this Bankruptcy Court.

25.    Certain Governmental Matters. Nothing in this Confirmation Order, the Combined Disclosure Statement and Plan, or any Plan Document discharges, releases, precludes, or enjoins: (a) any liability of the Debtors to any Governmental Unit that is not a Claim; (b) any Claim of a Governmental Unit arising on or after the Effective Date; (c) any police or regulatory liability of any Entity to a Governmental Unit, including, without limitation, any police or regulatory liability that such Entity would be subject to as the post-Effective Date owner or operator of property; (d) any Claim of or liability to a Governmental Unit on the part of any Person or Entity other than the Debtors; or (e) any obligations preserved or established in the Sale Orders or Abandonment Orders, including, without limitation, any Decommissioning Liabilities and land mitigation/mitigation credit obligations preserved or established pursuant to such orders. Nor shall anything in this Confirmation Order, the Combined Disclosure Statement and Plan, or any Plan Document enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Bankruptcy Court, any liability described in the preceding sentence. Nothing in this Confirmation Order, the Combined Disclosure Statement and Plan, or any Plan Document authorizes the transfer of any licenses, permits, registrations, or other governmental authorizations or approvals without compliance with all applicable legal requirements under non-bankruptcy Law governing such transfers. For the avoidance of doubt, the United States is not a Releasing Party under Article XV.E of the Combined Disclosure Statement and Plan, shall not grant any exculpation as provided in Article XV.C, and the United States' rights and defenses of offset or recoupment, if any, are expressly preserved, as are the Debtors' defenses and rights thereto.

26.    For the avoidance of doubt, nothing in the Combined Disclosure Statement and Plan, any Plan Document, or this Confirmation Order shall discharge, release, preclude or enjoin the United States of America's rights to collect and draw upon any insurance

policy or any surety bond issued in connection with the Debtors' business or the ownership or operation of federal oil and gas leases, grants of rights-of-way, grants of rights-of-use-and-easement, or any related interests.

27.    For the avoidance of doubt, the Liquidating Trust and any Liquidating Subtrust shall fully and completely assume and be subject to all environmental, health and safety obligations of the Debtors, including, but not limited to, the obligations described in Paragraph 25 of this Confirmation Order, and any obligations pursuant to 49 C.F.R. Parts 190-199 and 49 U.S.C. §§ 601 *et seq.*

28.    Notwithstanding anything in the Combined Disclosure Statement and Plan, any Plan Document, or this Confirmation Order, nothing shall constitute an agreement by any Governmental Unit that a decommissioning obligation or police or health and safety regulatory obligation is properly classified as a general unsecured claim as a matter of precedent, especially in light of the unique facts and circumstances of this case.

29.    <u>Debtors Will Not Receive a Discharge.</u> In accordance with section 1141(d)(3) of the Bankruptcy Code, notwithstanding anything else to the contrary in the Combined Disclosure Statement and Plan or this Confirmation Order, the Debtors shall not receive a discharge.

30.    <u>Reservation of Rights.</u> Except as expressly set forth herein, the Combined Disclosure Statement and Plan shall have no force or effect until the Effective Date. None of the filing of the Combined Disclosure Statement and Plan, any statement or provision contained herein, or the taking of any action by the Debtors with respect to the Combined Disclosure Statement and Plan shall be or shall be deemed to be an admission or waiver of any rights of the Debtors, holders of Claims or Interests before the Effective Date.

31.   <u>Payment of Statutory Fees.</u> On the Effective Date, the Debtors shall pay in full in Cash all U.S. Trustee quarterly fees owed pursuant to 28 U.S.C. § 1930(a)(6) and any interest thereon pursuant to 31 U.S.C. § 3717. After the Effective Date, the Debtors or the Liquidating Trustee, as applicable, shall timely pay in full in Cash when due all U.S. Trustee quarterly fees owed under 28 U.S.C. § 1930(a)(6) and any interest thereon pursuant to 31 U.S.C. § 3717, until the Cases are closed, dismissed, or converted, whichever occurs first.

32.   <u>Reversal/Stay/Modification/Vacatur of Confirmation Order.</u> Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Bankruptcy Court or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtors, Liquidating Trust, or any Liquidating Subtrust, as applicable, pursuant to the Combined Disclosure Statement and Plan and this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur. Notwithstanding any such reversal, stay, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Combined Disclosure Statement and Plan or any amendments or modifications thereto.

33.   <u>Retention of Jurisdiction.</u> On and after the Effective Date, the Bankruptcy Court shall retain jurisdiction, to the fullest extent permissible under Law, over all matters arising out of and related to the Chapter 11 Cases for, among other things, the following purposes:

(i)    To hear and determine all matters relating to the assumption or rejection of Executory Contracts or Unexpired Leases, including whether a contract or lease is or was executory or expired, and the allowance of Claims resulting therefrom;

(ii)    To hear and determine all matters related to the abandonment of assets in accordance with section 554 of the Bankruptcy Code;

(iii)    To hear and determine any motion, adversary proceeding, application, contested matter or other matter pending on the Effective Date;

(iv)    To hear and determine all matters relating to the allowance, disallowance, liquidation, classification, priority or estimation of any Claim;

(v)    To ensure that distributions to holders of Allowed Claims are accomplished as provided herein;

(vi)    To hear and determine all applications for compensation and reimbursement of Professional Fee Claims;

(vii)    To hear and determine any application to modify the Combined Disclosure Statement and Plan in accordance with section 1127 of the Bankruptcy Code, to remedy any defect or omission or reconcile any inconsistency in the Combined Disclosure Statement and Plan or any order of the Bankruptcy Court, including this Confirmation Order, in such a manner as may be necessary to carry out the purposes and effects thereof;

(viii)    To hear and determine disputes arising in connection with the interpretation, implementation or enforcement of the Combined Disclosure Statement and Plan, this Confirmation Order, any transactions or payments contemplated hereby or any agreement, instrument or other document governing or relating to any of the foregoing;

(ix)    To issue injunctions, enter and implement other orders and take such other actions as may be necessary or appropriate to restrain interference by any Person with the

31

Consummation, implementation or enforcement of the Combined Disclosure Statement and Plan, this Confirmation Order or any other order of the Bankruptcy Court;

(x)    To issue such orders as may be necessary to construe, enforce, implement, execute and consummate the provisions of (a) any contracts, instruments, releases, indentures and other agreements or documents approved by Final Order in the Chapter 11 Cases and (b) the Combined Disclosure Statement and Plan, this Confirmation Order, the Liquidating Trustee Agreement, and contracts, instruments, releases and other agreements or documents created in connection with the Combined Disclosure Statement and Plan;

(xi)    To enter, implement or enforce such orders as may be appropriate in the event this Confirmation Order is for any reason stayed, reversed, revoked, modified or vacated;

(xii)    To hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code (including the expedited determination of tax under section 505(b) of the Bankruptcy Code); provided, however, that the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, owed or owing to the County of Santa Barbara, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction, will continue to be determined by California authorities in accordance with California law and procedures, and nothing in the Combined Disclosure Statement and Plan, this Confirmation Order, any of the Plan Documents, the Liquidating Trust Agreement or any contract, instrument, release, or other agreement or document related to the Combined

Disclosure Statement and Plan or the Plan Supplement shall affect or diminish the Debtors' liability for taxes to the County of Santa Barbara;

(xiii)   To hear and determine any other matters related to the Combined Disclosure Statement and Plan and not inconsistent with the Bankruptcy Code;

(xiv)   To determine any other matters that may arise in connection with or are related to the Combined Disclosure Statement and Plan, this Confirmation Order, any of the Plan Documents, the Liquidating Trust Agreement or any contract, instrument, release, or other agreement or document related to the Combined Disclosure Statement and Plan or the Plan Supplement;

(xv)   To recover all assets of the Debtors and property of the Debtors' Estates, which shall be for the benefit of the Liquidating Trust, wherever located;

(xvi)   To hear and determine any rights, claims or Causes of Action held by or accruing to the Debtors or the Liquidating Trustee, on behalf of the Liquidating Trust, pursuant to the Combined Disclosure Statement and Plan, the Bankruptcy Code, or pursuant to any federal or state statute or legal theory;

(xvii)   To enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings entered in connection with the Chapter 11 Cases with respect to any Person or Entity;

(xviii)   To hear any other matter not inconsistent with the Bankruptcy Code; and

(xix)   To enter a final decree closing the Chapter 11 Cases.

34.    Unless otherwise specifically provided herein or in a prior order of the Bankruptcy Court, the Bankruptcy Court shall have jurisdiction to hear and determine disputes concerning Claims that arose prior to the Effective Date.

35.    Merger of the Non-Contributing Debtors. On the Effective Date, each of the Non-Contributing Debtors shall be deemed merged into Venoco without further company action. Claims against the Non-Contributing Debtors, if any, shall become Claims against Venoco. For the avoidance of doubt, duplicative claims shall result in only a single Claim against Venoco. Following the merger, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all of the Liquidating Trust Assets shall vest in the Liquidating Trust free and clear of all Claims, Liens, encumbrances, charges and other interests. All Liens, Claims, encumbrances, charges and other interests shall be deemed fully released and discharged as of the Effective Date, except as otherwise provided in the Combined Disclosure Statement and Plan or this Confirmation Order. Following the merger of the Non-Contributing Debtors into Venoco, and the vesting of the Liquidating Trust Assets into the Liquidating Trust, the Interests of each of the Non-Contributing Debtors shall be deemed cancelled and of no further force and effect, and deemed extinguished without any further limited liability company action. The respective boards of directors and managers, as applicable, of each of the Non-Contributing Debtors shall be terminated and the members of each of the boards of directors and managers, as applicable, of the Non-Contributing Debtors shall be deemed to have resigned. Each of the Non-Contributing Debtors shall cease to exist for all purposes without any further company action.

36.    Exemption from Transfer Taxes and Recording Fees. Pursuant to section 1146(a) of the Bankruptcy Code, any transfer of property pursuant to or in connection with the Combined Disclosure Statement and Plan shall not be subject to any document recording tax, stamp tax, sales and use tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee or other similar tax or governmental assessment in the United States. This Confirmation Order hereby directs the appropriate federal, state or local governmental officials or agents to

forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

37.    Modifications. Subject to certain restrictions and requirements set forth in section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019, and those restrictions on modifications set forth in the Combined Disclosure Statement and Plan, the Debtors may alter, amend or modify the Combined Disclosure Statement and Plan, including the Plan Supplement, without additional disclosure pursuant to section 1125 of the Bankruptcy Code prior to the Confirmation Date. After the Confirmation Date and before substantial Consummation of the Combined Disclosure Statement and Plan, the Debtors may institute proceedings in the Bankruptcy Court pursuant to section 1127(b) of the Bankruptcy Code to remedy any defect or omission or reconcile any inconsistencies in the Combined Disclosure Statement and Plan, including the Plan Supplement or this Confirmation Order relating to such matters as may be necessary to carry out the purposes and effects of the Combined Disclosure Statement and Plan.

38.    After the Confirmation Date but before the Effective Date, the Debtors may make appropriate technical adjustments and modifications to the Combined Disclosure Statement and Plan, including the Plan Supplement, without further order or approval of the Bankruptcy Court; provided that such adjustments and modifications do not materially and adversely affect the treatment of holders of Claims or Interests, or any Governmental Unit.

39.    Provisions of Combined Disclosure Statement and Plan and Confirmation Order Non-severable and Mutually Dependent. The provisions of the Combined Disclosure Statement and Plan and this Confirmation Order, including the findings of fact and conclusions of Law set forth herein, are non-severable and mutually dependent.

40.    <u>Governing Law.</u> Except to the extent that the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or other federal Law is applicable, or to the extent the Combined Disclosure Statement and Plan, an exhibit or schedule hereto, a Plan Document or any settlement incorporated herein provides otherwise, the rights, duties and obligations arising under the Combined Disclosure Statement and Plan shall be governed by, and construed and enforced in accordance with, the Laws of the State of Delaware, without giving effect to the principles of conflict of Laws thereof.

41.    <u>Applicable Non-bankruptcy Law.</u> Subject to paragraphs 25–28 of this Confirmation Order, to the extent permitted under sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Combined Disclosure Statement and Plan and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy Law.

42.    <u>Documents and Instruments.</u> Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Combined Disclosure Statement and Plan and this Confirmation Order.

43.    <u>Governmental Approvals Not Required.</u> Subject to paragraphs 25–28 of this Confirmation Order, this Confirmation Order shall constitute all approvals and consents required, if any, by the Laws, rules, or regulations of any state or other governmental authority with respect to the implementation or Consummation of the Combined Disclosure Statement and Plan, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Combined Disclosure Statement and Plan.

44. <u>Notice of Entry of Confirmation Order and Effective Date.</u> On or within **three Business Days** of the Effective Date, the Debtors shall file and serve a notice of Effective Date and entry of this Confirmation Order (the "<u>Effective Date Notice</u>"). The Debtors will serve the Effective Date Notice on the following parties: (a) the U.S. Trustee, (b) all Entities that are party to Executory Contracts and Unexpired Leases with the Debtors, (c) all Entities that are party to litigation with the Debtors, (d) all current and former employees, directors and officers (to the extent that contact information for former employees, directors and officers is available in the Debtors' records), (e) all regulatory authorities that regulate the Debtors' businesses, (f) the Office of the Attorney General for the State of Delaware, (g) the office of the attorney general for each state in which the Debtors maintain or conduct business, (h) the taxing authorities for the jurisdictions in which the Debtors maintain or conduct business, and (i) all parties who filed a request for service of notices under Bankruptcy Rule 2002.

45. <u>Substantial Consummation.</u> On the Effective Date and upon completion of the distributions as contemplated under the Combined Disclosure Statement and Plan, the Combined Disclosure Statement and Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

46. <u>Waiver of Stay.</u> The stay of this Confirmation Order provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 6004(h), and 6006(d)), whether for 14 days or otherwise, is hereby waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Bankruptcy Court.

47. <u>Inconsistency.</u> To the extent of any inconsistency between this Confirmation Order and the Combined Disclosure Statement and Plan, this Confirmation Order shall govern.

48.   <u>No Waiver.</u> The failure to specifically include any particular provision of the Combined Disclosure Statement and Plan in this Confirmation Order shall not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Bankruptcy Court that the Combined Disclosure Statement and Plan is confirmed in its entirety and incorporated herein by reference.

49.   <u>Confirmation Order Controlling.</u> The provisions of the Combined Disclosure Statement and Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; <u>provided</u>, <u>however,</u> that if there is any conflict or inconsistency, the terms of this Confirmation Order shall control and govern.

Date: _May 23_, 2018
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE