**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Venoco, LLC, *et al.*, | Case No. 17-10828 (KG) |
| Debtors.[1] | (Jointly Administered) |
| | **Objections Due:**<br>**November 15, 2018 at 4:00 p.m. (ET)**<br>**Hearing Date**:<br>**November 30, 2018 at 2:00 p.m. (ET)** |

**FINAL APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS
DELAWARE BANKRUPTCY CO-COUNSEL FOR
THE DEBTORS, FOR ALLOWANCE OF FINAL COMPENSATION AND
FOR FINAL REIMBURSEMENT OF ALL ACTUAL AND
NECESSARY EXPENSES INCURRED FOR THE PERIOD
APRIL 17, 2017 THROUGH OCTOBER 1, 2018**

| | |
|---|---|
| Name of Applicant: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Authorized to Provide<br>Professional Services to: | Debtors |
| Date of Retention: | May 26, 2017, *nunc pro tunc* to April 17, 2017 |
| Final Period for which compensation and<br>reimbursement is sought: | April 17, 2017 through October 1, 2018 |
| Amount of Final compensation sought as<br>actual, reasonable and necessary: | $681,818.00 |
| Amount of Final reimbursement sought as<br>actual, reasonable and necessary: | $36,088.76 |
| This is a ___ monthly | __x__ final application |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Venoco, LLC (3555); TexCal Energy (LP) LLC (0806); Whittier Pipeline Corporation (1560); TexCal Energy (GP) LLC (0808); Ellwood Pipeline, Inc. (5631); and TexCal Energy South Texas, L.P. (0812). The Debtors' main corporate and mailing address for purposes of these chapter 11 cases is: Venoco, LLC, 3700 Quebec Street, 100-223, Denver, CO 80207.

The total time expended for fee application preparation is approximately 20.0 hours.

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 7/13/17 D.I. 363 | 4/17/17-5/31/17 | $193,522.50/$14,883.90 | $193,522.50/$14,883.90 |
| 8/22/17 D.I. 447 | 6/1/17-6/30/17 | $67,425.00/$3,323.78 | $67,425.00/$3,323.78 |
| 8/28/17 D.I. 455 | 7/1/17-7/31/17 | $30,942.00/$1,183.64 | $30,942.00/$1,183.64 |
| 9/27/17 D.I. 497 | 8/1/17-8/31/17 | $20,321.50/$228.88 | $20,321.50/$228.88 |
| 10/31/17 D.I. 614 | 9/1/17-9/30/17 | $34,450.00/$453.00 | $34,450.00/$453.00 |
| 11/20/17 D.I. 658 | 10/1/17-10/31/17 | $116,976.00/$7,773.71 | $116,976.00/$7,773.71 |
| 12/20/17 D.I. 731 | 11/1/17-11/30/17 | $40,151.50/$3,448.76 | $40,151.50/$3,448.76 |
| 1/18/18 D.I. 773 | 12/1/17-12/31/17 | $28,341.00/$1,404.90 | $28,341.00/$1,404.90 |
| 3/9/18 D.I. 818 | 1/1/18-1/31/18 | $13,961.50/$185.10 | $13,961.50/$185.10 |
| 4/12/18 D.I. 857 | 2/1/18-2/28/18 | $15,133.00/$493.10 | $15,133.00/$493.10 |
| 4/23/18 D.I. 870 | 3/1/18-3/31/18 | $28,030.50/$822.01 | $28,030.50/$822.01 |
| 5/29/18 D.I. 928 | 4/1/18-4/30/18 | $15,276.00/$126.80 | $15,276.00/$126.80 |
| 6/28/18 D.I. 959 | 5/1/18-5/31/18 | $54,600.50/$784.99 | $54,600.50/$784.99 |
| 8/15/18 D.I. 991 | 6/1/18-6/30/18 | $5,517.50/$868.79 | $5,517.50/$868.79 |
| 8/24/18 D.I. 996 | 7/1/18-7/31/18 | $2,428.00/$25.10 | $2,428.00/$25.10 |
| 10/1/18 D.I. 1023 | 8/1/18-8/31/18 | $5,715.00/$43.80 | $4,572.00/$43.80 |
| 10/24/18 D.I. 1044 | 9/1/18-10/1/18 | $7,564.50/$38.50 | Pending |

**FINAL COMPENSATION BY PROFESSIONAL**
**VENOCO, LLC, ET AL.**
**(CASE NO. 17-10828 (KG))**

**April 17, 2017 through October 1, 2018**

| Name of Professional Person | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Robert J. Dehney | Partner/Bankruptcy. Partner since 1999. Joined firm as an associate in 1996. Member of the DE Bar since 1997. | 525 | 3.8 | $1,995.00 |
|  |  | 1050 | 74.0 | 77,700.00 |
| Eric D. Schwartz | Partner/Bankruptcy. Partner since 2002. Joined firm as an associate in 1999. Member of the DE Bar since 1992. | 775 | 4.2 | 3,255.00 |
| Gregory W. Werkheiser | Partner/Bankruptcy. Partner since 2005. Joined firm as an associate in 1996. Member of the DE Bar since 1996. | 750 | .8 | 600.00 |
| Curtis S. Miller | Partner/Bankruptcy. Partner since 2012. Joined firm as an associate in 2003. Member of the DE Bar since 2003. | 695 | 22.9 | 15,915.50 |
| Andrew Remming | Partner/Bankruptcy. Partner since 2016. Joined the firm as an associate in 2008. Member of DE Bar since 2008. | 325 | 3.8 | 1,235.00 |
|  |  | 650 | 283.8 | 184,470.00 |
|  |  | 700 | 69.3 | 48,510.00 |
| Matthew B. Harvey | Associate/Bankruptcy. Associate at the firm from 2008 to Sept. 2013; rejoined the firm as an associate in Nov. 2014. Member of the DE Bar since 2008. | 625 | 7.7 | 4,812.50 |
|  |  | 675 | .4 | 270.00 |
| Daniel B. Butz | Of Counsel/Bankruptcy. Joined firm as an associate in 2002. Member of the DE Bar since 2002. | 595 | 10.7 | 6,366.50 |
| Kimberly McKinnon | Special Counsel. | 575 | .3 | 172.50 |
| Tamara K. Minott | Associate/Bankruptcy. Joined firm as an associate in 2011. Member of the DE Bar since 2011. | 550 | .3 | 165.00 |
| Andrew Roth-Moore | Associate/Bankruptcy. Joined the firm as an associate in 2016. Member of the DE Bar since 2015. | 515 | 3.6 | 1,854.00 |
| Marcy McLaughlin | Associate/Bankruptcy. Joined the firm as an associate in 2015. Member of the DE Bar since 2015. | 415 | 98.7 | 40,960.50 |

3

| Name of Professional Person | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jose Bibiloni | Associate/Bankruptcy. Joined the firm as an associate in 2016. Member of the DE Bar since 2016. | 395 | 29.7 | 11,731.50 |
| | | 450 | 2.2 | 990.00 |
| Matthew O. Talmo | Associate/Bankruptcy. Joined the firm as an associate in 2016. Member of the DE Bar since 2016. | 395 | 305.1 | 120,514.50 |
| | | 450 | 132.0 | 59,400.00 |
| Paige Topper | Associate/Bankruptcy. Joined the firm as an associate in 2017. Member of the DE Bar since 2017. | 395 | 2.7 | 1,066.50 |
| Andrew Golden | Associate/Bankruptcy. Joined the firm as an associate in 2017. Member of the DE Bar since 2017. | 395 | 14.5 | 5,727.50 |
| | | 415 | 2.2 | 913.00 |
| Angela R. Conway | Paralegal | 295 | 35.7 | 10,531.50 |
| | | 300 | .7 | 210.00 |
| Renae M. Fusco | Paralegal | 295 | 122.8 | 36,226.00 |
| | | 300 | 87.5 | 26,250.00 |
| Marisa Maddox | Paralegal | 295 | 25.2 | 7,434.00 |
| | | 300 | 9.9 | 2,970.00 |
| Wel Freeman | Case Clerk | 160 | 6.7 | 1,072.00 |
| | | 165 | 1.0 | 165.00 |
| Theresa M. Naimoli | Case Clerk | 160 | 42.4 | 6,784.0 |
| | | 165 | 9.4 | 1,551.00 |
| **Total** | | | **1,414.00** | **$681,818.00** |

| GRAND TOTAL: | $681,818.00 |
|---|---|
| ATTORNEY BLENDED RATE: | $548.73 |
| BLENDED RATE: | $482.19 |

**FINAL COMPENSATION BY PROJECT CATEGORY**
**VENOCO, LLC, ET AL.**
**(CASE NO. 17-10828 (KG))**

**April 17, 2017 through October 1, 2018**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 137.2 | $79,275.00 |
| Asset Dispositions/363 Sales | 88.5 | 39,273.50 |
| Automatic Stay Matters | 10.0 | 4,977.00 |
| Creditors Communications and Meetings | 20.7 | 12,658.00 |
| Fee Applications (MNAT – Filing) | 117.6 | 40,649.00 |
| Fee Application (MNAT – Objections) | 8.3 | 2,659.00 |
| Fee Applications (Others – Filing) | 80.2 | 33,299.50 |
| Fee Applications (Other – Objections) | 22.1 | 7,296.50 |
| Executory Contracts/Unexpired Leases | 53.3 | 25,366.50 |
| Other Contested Matters | 200.3 | 111,143.50 |
| Non-Working Travel (Billed at 50%) | 7.6 | 3,230.00 |
| Environmental Matters | 14.1 | 9,024.00 |
| Employee Matters | 21.8 | 11,001.50 |
| Financing Matters/Cash Collateral | 1.2 | 434.00 |
| Tax Matters | 6.1 | 2,902.00 |
| Insurance Matters | 35.3 | 17,215.00 |
| Utility Matters | 2.6 | 924.00 |
| Court Hearings | 257.9 | 119,561.50 |
| Claims Objections and Administration | 18.1 | 8,376.50 |
| Plan and Disclosure Statement | 132.3 | 72,442.50 |
| Litigation/Adversary Proceedings | 23.3 | 9,833.50 |
| Professional Retention (MNAT – Filings) | 28.9 | 12,268.00 |
| Professional Retention (Others – Filings) | 68.9 | 31,240.50 |
| Professional Retention (Others – Objections) | 1.5 | 441.50 |
| General Corporate Matters | 2.7 | 1,181.00 |
| General Case Strategy | 26.4 | 14,275.00 |
| Schedules/SOFA/US Trustee Reports | 27.1 | 10,870.00 |
| **TOTAL** | **1,414.00** | **$681,818.00** |

12280559.2

**FINAL EXPENSE SUMMARY**
**VENOCO, LLC., ET AL.**
**(CASE NO. 17-10828 (KG))**

**April 17, 2017 through October 1, 2018**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Court Costs | | $1,095.00 |
| Transcripts | | 5,635.50 |
| Photos/Art/Spec. Duplicating | | 8,401.70 |
| In-House Printing – Color | | 2,507.20 |
| In-House Printing – Black & White | | 3,665.20 |
| Computer Research | Westlaw | 831.59 |
| Meals | | 7,353.40 |
| Messenger Service | | 345.00 |
| Support Staff Overtime | | 38.47 |
| Courier/Delivery Service | | 749.53 |
| In-House Duplicating | | 1,920.50 |
| Pacer | | 1,028.00 |
| Hotel Accommodations | | 1,034.70 |
| Paralegal Overtime | | 22.85 |
| Secretarial Overtime | | 496.86 |
| Travel | | 658.55 |
| Conference Calls | | 304.71 |
| **Grand Total Expenses** | | **$36,088.76** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Venoco, LLC, *et al.*,<br><br>      Debtors.[1] | Chapter 11<br><br>Case No. 17-10828 (KG)<br><br>(Jointly Administered)<br><br>**Objections Due:**<br>November 15, 2018 at 4:00 p.m. (ET)<br>**Hearing Date**:<br>November 30, 2018 at 2:00 p.m. (ET) |

**FINAL APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS
DELAWARE BANKRUPTCY CO-COUNSEL FOR
THE DEBTORS, FOR ALLOWANCE OF FINAL COMPENSATION AND
FOR FINAL REIMBURSEMENT OF ALL ACTUAL AND
NECESSARY EXPENSES INCURRED FOR THE PERIOD
APRIL 17, 2017 THROUGH OCTOBER 1, 2018**

   Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), as Delaware

bankruptcy co-counsel for the debtors and debtors in possession in the above-captioned cases

(collectively, the "Debtors"), submits this application (the "Application") for final allowance of

compensation for professional services rendered by Morris Nichols to the Debtors for the period

of April 17, 2017 through and including October 1, 2018 (the "Final Application Period") and

reimbursement of actual and necessary expenses incurred by Morris Nichols during the

Application Period pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Venoco, LLC (3555); TexCal Energy (LP) LLC (0806); Whittier Pipeline Corporation (1560); TexCal Energy (GP) LLC (0808); Ellwood Pipeline, Inc. (5631); and TexCal Energy South Texas, L.P. (0812). The Debtors' main corporate and mailing address for purposes of these chapter 11 cases is: Venoco, LLC, 3700 Quebec Street, 100-223, Denver, CO 80207.

States Bankruptcy Court for the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "U.S. Trustee Guidelines") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals (D.I. 199) (the "Interim Compensation Procedures Order").   In support of this Application, Morris Nichols represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 2016-2, the U.S. Trustee Guidelines, and the Interim Compensation Procedures Order.

## BACKGROUND

3.      On April 17, 2017 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors are operating their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee, examiner, or official committee of unsecured creditors has been appointed in these cases.

## MORRIS NICHOLS'S RETENTION

5.      Before the Petition Date, the Debtors engaged Morris Nichols as their bankruptcy co-counsel in connection with these bankruptcy cases.  On May 4, 2017, the Debtors

2

filed the *Debtors' Application for Entry of an Order Under U.S.C.  §§ 327(a), 328(a), and 1107(b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1, Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Delaware Bankruptcy Co-Counsel for the Debtors,* Nunc Pro Tunc *to the Petition Date* (D.I. 100) (the "Morris Nichols Retention Application").

6.    On May 26, 2017, this Court granted the Morris Nichols Retention Application pursuant to the *Order Granting Debtors' Application for Entry of an Order Under U.S.C.  §§ 327(a), 328(a), and 1107(b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1,  Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Delaware Bankruptcy Co-Counsel for the Debtors,* Nunc Pro Tunc *to the Petition Date* (D.I. 207) (the "Morris Nichols Retention Order").

## INTERIM COMPENSATION PROCEDURES ORDER

7.    The Court entered the Interim Compensation Procedures Order on May 25, 2017.  The Interim Compensation Procedures Order sets forth the procedures for interim compensation and reimbursement of expenses for all Professionals in these cases.

8.    In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court no earlier than the fifteenth (15th) day of each month following the month for which compensation is sought. Provided that there are no objections to such Monthly Fee Application filed within twenty-one days after the service of the Monthly Fee Application, the Professional may file a certificate of no objection (the "Certificate of No Objection") with the Court.

9.    Upon the filing of a Certificate of No Objection, the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses

requested in such Monthly Fee Application.   If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

## DEBTORS' CHAPTER 11 PLAN

10.     On May 23, 2018, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Order (I) Approving Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation Proposed by the Debtors as Containing Adequate Information on a Final Basis and (II) Confirming Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation Proposed by the Debtors* [D.I. 922] (the "Confirmation Order"). Pursuant to the Confirmation Order, the Bankruptcy Court confirmed the *Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation Proposed by the Debtors* [D.I. 922-1] (including all exhibits thereto and as further amended, modified, or supplemented from time to time, the "Combined Disclosure Statement and Plan")[2].

11.     The Plan went effective on October 1, 2018 (the "Effective Date").  *See* D.I. 1024.  Pursuant to the Combined Disclosure Statement and Plan, Confirmation Order, and Effective Date notice, all final requests for payment of Professional Claims must be filed by November 30, 2018.  Such Professional Claims include all fees and expenses requested by Professionals from the Petition Date through the Effective Date for all Debtors.

## RELIEF REQUESTED

12.     Morris Nichols submits this Application: (i) for final allowance of reasonable compensation for the actual, reasonable, and necessary professional services that it

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

rendered as co-counsel for the Debtors during the Final Application Period; and (ii) for final reimbursement of actual, reasonable, and necessary expenses incurred in representing the Debtors during the Final Application Period.

## INFORMATION RELATED TO UST GUIDELINES

13.     In addition, Morris Nichols states the following as required under section C.5 of the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines") for the Final Application Period:

a.     During the Final Application Period, Morris Nichols did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees, or terms.

b.     The total fees sought in this Application for the Final Application Period are not higher than the total fees budgeted for the time period covered during the Final Application Period.

c.     The professionals included in this Application for the Final Application Period did not vary their hourly rate based on the geographic location of the bankruptcy case.

d.     The Application includes approximately 23.1 hours and approximately $6,858.50 in fees dedicated to revising time records or preparing and revising invoices that would not normally be compensable outside of bankruptcy during the Final Application Period.  In preparing its fee applications, Morris Nichols has made edits to the invoices so as to comply with the Bankruptcy Rules, Local Rules, and UST Guidelines. These edits are a necessary part of Morris Nichols's preparation of each monthly fee application.

e.     The Application includes approximately 5.8 hours and approximately $3,473.50 in fees dedicated to reviewing time records to redact any privileged or other confidential information during the Final Application Period.

f.     Aside from annual step increases, this Application does not include rate increases, as that term is used in the UST Guidelines, since retention.

5

14.    The blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who billed to matters excluding chapter 11 representations (collectively, the "Non-Chapter 11 Matters")[3] during the 12-month period beginning on October 1, 2017 and ending on October 1, 2018 (the "Comparable Period") was, in the aggregate, approximately $585.48 per hour.[4]

15.    The blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who billed on the Application during the Final Application Period was, in the aggregate, $482.19 per hour.

16.    A detailed comparison of these rates is as follows:

| Position at Morris Nichols | Blended Hourly Rate for Final Application Period | Blended Hourly Rate Non-Chapter 11 Matters |
|---|---|---|
| Partner | $721.32 | $779.69 |
| Special Counsel[5] | $594.45 | $570.96 |
| Associate | $414.63 | $464.63 |
| Paralegal | $296.74 | $272.22 |
| Case Clerk | $160.87 | $179.70 |

---

[3]    It is the nature of Morris Nichols's practice that certain non-bankruptcy engagements require the advice and counsel of professionals and paraprofessionals who work primarily within Morris Nichols' Business Reorganization and Restructuring Group.    Accordingly, Non-Chapter 11 Matters consist of matters for which Morris Nichols timekeepers represented a client in a matter *other than* court-approved chapter 11 representations.  The Non-Chapter 11 Matters therefore include time billed by Morris Nichols timekeepers who work within Morris Nichols's Business Reorganization and Restructuring Group.

[4]    Morris Nichols calculated the blended rate for Non-Chapter 11 Matters by dividing the *total dollar amount* billed by Morris Nichols timekeepers to Non-Chapter 11 Matters during the Comparable Period by the *total number of hours* billed by such Morris Nichols timekeepers to Non-Chapter 11 Matters during the Comparable Period.

[5]    Morris Nichols employed four individuals in the position of Special Counsel during the Comparable Period, three of which worked primarily on non-chapter 11 matters.

17.     During the Final Application Period, 9 Morris Nichols professionals and paraprofessionals billed less than fifteen hours.

18.     Exhibits A, B, and C attached hereto, contain certain schedules pursuant to the UST Guidelines.

### THE FINAL APPLICATION PERIOD

19.     Morris Nichols seeks allowance of $681,818.00, for actual, reasonable, and necessary legal services rendered to the Debtors during the Final Application Period and $36,088.76 as reimbursement of actual, reasonable, and necessary expenses incurred in connection with the rendition of such services during the Final Application Period.  Detailed descriptions of the services rendered and expenses incurred by Morris Nichols during the Final Application Period are set forth on Exhibits A and B, respectively, of the monthly fee applications filed by Morris Nichols in these chapter 11 cases.  Morris Nichols requests that the Debtors be authorized and directed to pay Morris Nichols an amount equal to the sum of the allowed compensation and expense reimbursement during the Final Application Period, less any amounts previously paid by the Debtors.

20.     During the Final Application Period, Morris Nichols served as Delaware bankruptcy co-counsel to the Debtors, assisting Bracewell in providing the typical panoply of chapter 11 services to the Debtors.  These services included, but were not limited to assisting Bracewell with:  (i) preparing and filing documents related to "first-day" relief, and obtaining approval of such relief; (ii) assisting Debtor professionals in drafting and filing retention and fee applications; (iii) drafting and filing the Plan, its related disclosure statement and Plan supplement documents; (iv) communicating with creditors and other parties in interest regarding the Plan and other matters; (v) assisting with the research and analysis of various plan-related

7

and other issues; (vi) reviewing and filing declarations and briefs in support of confirmation; (vii) obtaining approval of the Plan; (viii) representing the Debtors at hearings before this Court; (ix) assisting the Debtors with meeting their reporting obligations as debtors-in-possession; and (x) commenting on, and coordinating the filing and service of, various other pleadings filed on behalf of the Debtors.

21.    Morris Nichols has endeavored to represent the Debtors in the most expeditious and economical manner possible.  Tasks have been assigned to attorneys, paralegals, and other support staff at Morris Nichols so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter.  Moreover, Morris Nichols has endeavored to coordinate with Bracewell and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors.  Morris Nichols believes it has been successful in this regard.

22.    No agreement or understanding exists between Morris Nichols and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

23.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of her information, knowledge, and belief that this Application substantially complies with that Rule.

WHEREFORE, Morris Nichols respectfully requests that this Court: (i) allow Morris Nichols (a) final compensation in the amount of $681,818.00; for actual, reasonable, and necessary services rendered to or on behalf of the Debtors during the Final Application Period, (b) final reimbursement of $36,088.76 for actual, reasonable, and necessary expenses incurred during the Final Application Period, (c) authorize and direct the Debtors to pay Morris Nichols an amount equal to the sum of such allowed compensation and reimbursement, less any amounts previously paid by the Debtors; and (iii) grant such other further relief as the Court deems just and proper. The Debtors respectfully request entry of the Proposed Order, attached hereto as Exhibit D, granting the relief requested herein and granting such other relief as is just and proper.

Dated: October 26, 2018
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Matthew O. Talmo*
Robert J. Dehney (No. 3578)
Andrew R. Remming (No. 5120)
Matthew O. Talmo (No. 6333)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
rdehney@mnat.com
aremming@mnat.com
mtalmo@mnat.com

*Counsel for Debtors and Debtors in Possession*