# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VENOCO, LLC, *et al.*, | Case No. 17-10828 (JTD) |
| Debtors.[1] | (Jointly Administered) |
| | **Objections Due:  March 31, 2021 at 4 p.m. (ET)** <br> **Hearing Date:  TBD** |

## LIQUIDATING TRUSTEE'S FIFTH MOTION
## FOR AN ORDER EXTENDING THE CLAIMS OBJECTION DEADLINE

Eugene Davis, solely in his capacity as the trustee (the "Liquidating Trustee") of the Venoco Liquidating Trust (the "Liquidating Trust"), submits this motion (the "Motion"), pursuant to sections 105 and 502 of title 11 of the United States Code (the "Bankruptcy Code"), rules 3007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 3007-1 and 9006-2 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and Articles I.A.22 and XIII.A of the *Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation Proposed by the Debtors* confirmed by this Court [D.I. 922] (the "Plan"),[2] seeking entry of an order, substantially in the form attached as **Exhibit A** hereto (the "Proposed Order"), extending the deadline by which the Liquidating Trustee may file objections to any Claims, including Administrative Expense Claims

---

[1] The debtors in the chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, were: Venoco, LLC (3555) ("Venoco"); TexCal Energy (LP) LLC (0806); Whittier Pipeline Corporation (1560); TexCal Energy (GP) LLC (0808); Ellwood Pipeline, Inc. (5631); and TexCal Energy South Texas, L.P. (0812) (collectively, the "Debtors"). The mailing address for the Liquidating Trust is: 5 Canoe Brook Drive, Livingston, NJ 07039.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to such terms in the Plan.

(the "Claims Objection Deadline"), by a period of an additional 180 days, from March 22, 2021[3] through and including September 20, 2021.[4] In support of this Motion, the Liquidating Trustee respectfully represents as follows:

## JURISDICTION

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).[5]

## BACKGROUND

A.    **General**

2.    On April 17, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Throughout the pendency of the chapter 11 cases, the Debtors operated their businesses and managed their properties as debtors in possession. On April 18, 2017, this Court entered an order directing joint administration of the chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 [D.I. 38]. No trustee, examiner or creditors' committee was appointed in the chapter 11 cases.[6]

---

[3]  Pursuant to Local Rule 9006-2, if a motion to extend time to take any action is filed before the expiration of the period prescribed by order of the Court, the time shall automatically be extended until the Court acts on the motion, without the necessity of a bridge order. As such, the Liquidating Trustee has not sought the entry of a bridge order extending the Claims Objection Deadline.

[4]  Pursuant to Bankruptcy Rule 9006, if the last day of a calculated period is a Saturday, the period must continue to run until the end of the next day that is not a Saturday, Sunday or legal holiday. In this case, 180 days from March 22, 2021 would be Saturday, September 18, 2021. As such, the period must continue to Monday, September 20, 2021.

[5]  Under Local Rule 9013-1(f), the Liquidating Trustee hereby confirms his consent to the entry of a final order by this Court in connection with the Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

[6]  Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing the chapter 11 cases, is set forth in the Plan.

**B.      Plan Confirmation and the Establishment of the Liquidating Trust**

3.      On May 23, 2018, this Court held a hearing to consider confirmation of the Plan, after which this Court entered its *Order (I) Approving Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation Proposed by the Debtors as Containing Adequate Information on a Final Basis and (II) Confirming Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation Proposed by the Debtors* [D.I. 922] (the "Confirmation Order"), thereby confirming the Plan.

4.      On October 1, 2018 (the "Effective Date"), all of the conditions precedent to the consummation of the Plan were satisfied, and the Plan became effective in accordance with its terms.

5.      In accordance with Article XI.A.2 of the Plan and paragraphs 8, 10, and 11 of the Confirmation Order, on the Effective Date, the Liquidating Trust was created, and the Liquidating Trust Assets were deemed transferred to the Liquidating Trust without further action of any of the Debtors.

6.      Since the Effective Date, the Liquidating Trustee has been diligently administering the Liquidating Trust in accordance with the terms of the Liquidating Trust Agreement, the Plan, and the Confirmation Order.

**C.      The Claims Process in the Chapter 11 Cases**

7.      On the Petition Date, this Court entered an order appointing Prime Clerk LLC ("Prime Clerk") as claims and noticing agent in the chapter 11 cases [D.I. 40]. Prime Clerk is authorized to maintain (a) all proofs of claim filed against the Debtors and (b) an official Claims register (the "Claims Register") by docketing all proofs of claim in a database containing, among other items, the name of each claimant, the date that Prime Clerk received the Proof of

Claim, the number assigned to the Proof of Claim, and the asserted amount and classification of the Claim.

8.　　Following the Petition Date, the Debtors prepared and filed their schedules of assets and liabilities and statement of financial affairs [D.I. 222-233].

9.　　On July 6, 2017, this Court entered the *Order (I) Establishing Bar Dates for Filing Proofs of Claim (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures (II) Implementing Uniform Procedures Regarding 503(b)(9) Claims and (IV) Providing Certain Supplemental Relief* [D.I. 341] (the "Bar Date Order"), which established (a) the general deadline to file proofs of claim in the chapter 11 cases as August 29, 2017 and (b) the deadline for governmental units filing proofs of claim against the Debtors as October 16, 2017 (as applicable, (a) and (b) are referred to herein as the "Bar Date").

10.　　Prime Clerk duly served form proofs of claim and the notice of the Bar Date (the "Bar Date Notice") in accordance with the Bar Date Order.[7] On April 13, 2017, the Debtors caused the Bar Date Notice to be published in each of *The New York Times* and *The Denver Post*.[8]

11.　　On April 5, 2019, this Court entered an order extending the Claims Objection Deadline through and including September 26, 2019 [D.I. 1129].

12.　　On October 15, 2019, this Court entered a second order extending the Claims Objection Deadline through and including March 24, 2020 [D.I. 1167].

13.　　On January 15, 2020, this Court entered a stipulated protective order pursuant to which the Debtors' largest creditors—Chevron U.S.A. Inc. and Chevron Pipe Line Company (together, "Chevron"), Exxon Mobil Corporation ("Exxon"), the California State Lands

---

[7] *See Affidavit of Service* [D.I. 404]; *Supplemental Affidavit of Service* [D.I. 412].

[8] *See Affidavit of Publication* [D.I. 365].

Commission ("SLC"), and the United States Department of the Interior ("DOI", together with Chevron, Exxon and California, the "Creditors")—desire to exchange certain information to evaluate their Claims and reach agreement regarding the amounts of their Claims to facilitate the review of the Claims by the Liquidating Trustee for the Liquidating Trust [D.I. 1173] (the "Protective Order").

14.     On April 3, 2020, this Court entered a third order extending the Claims Objection Deadline through and including September 21, 2020 [D.I. 1181].

15.     On October 5, 2020, this Court entered an amended stipulated protective order pursuant to which the Creditors, after reaching an agreement among the Creditors on their respective Claims, agreed to provide the Liquidating Trustee with certain confidential information for the purposes of reaching a global settlement among the Creditors and the Liquidating Trust (the "Amended Protective Order"). The Amended Protective Order has enabled the Liquidating Trustee and the Creditors to engage in productive discussions regarding a consensual resolution of Claims. As of the filing of this Motion, the Liquidating Trustee believes a global settlement between the Liquidating Trust and the Creditors will be reached in the near term, after which the Liquidating Trustee intends to file a 9019 motion with this Court seeking entry of an order approving the settlement agreement among the Liquidating Trust and the Creditors.

16.     On October 6, 2020, this Court entered a fourth order extending the Claims Objection Deadline through March 22, 2021 [D.I. 1205] (the "Fourth Extension Order").

17.     To date, the Liquidating Trustee has used its previous extensions productively, having resolved most of the Claims asserted against the Debtors' estates. Since entry of the Fourth Extension Order, in addition to substantial progress with the Creditors regarding the global settlement described above, the Liquidating Trustee conducted a comprehensive review of the

remaining Claims and objected to many of the Claims, resulting in this Court's entry of the *Revised Order Granting Liquidating Trustee's First Omnibus Objection (Substantive) to Certain Claims (I) Which Should Be Reduced or (II) For Which the Debtors Have No Liability* [D.I. 1215], and the *Revised Order Granting Liquidating Trustee's Second Omnibus Objection (Non-Substantive) to Certain Claims (I) Which Are Amended and Superseded, (II) Which Are Duplicative, or (III) Which Are Late-Filed* [D.I. 1216], by which this Court reduced overstated Claims and expunged certain Claims that were filed late, duplicative or for which the Debtors had no liability. Relatedly, the Liquidating Trustee was able to reach a consensual resolution of certain tax Claims asserted by the City and County of Denver [D.I. 1217]. In addition to the foregoing resolution of Claims, and in an effort to maximize the resources available for distributions to beneficiaries of the Liquidating Trust, the Liquidating Trustee has pursued sales of residual real property held by the Liquidating Trust and, as a result, could see an additional influx of cash to the Liquidating Trust in the coming months.

18.     In order to conclude the Claims reconciliation and objection process, finalize the global settlement with the Creditors, and continue with the pending litigation described below that will ultimately impact the remaining Claims in these cases, the Liquidating Trustee respectfully submits that he requires additional time to complete the Claims reconciliation process in a manner best suited to maximize recoveries to the Liquidating Trust beneficiaries.

## **RELIEF REQUESTED**

19.     By this Motion, the Liquidating Trustee requests entry of the Proposed Order extending the Claims Objection Deadline through and including September 20, 2021.

## BASIS FOR RELIEF REQUESTED

20.     Articles I.A.22 and XIII.A of the Plan authorizes this Court to extend the Claims

Objection Deadline from time to time. *See* Plan, Art. I.A.22 (providing that the Claims Objection

Deadline is "subject to further extensions and/or exception as may be ordered by the Bankruptcy

Court").

21.     Further, Bankruptcy Rule 9006(b) provides in pertinent part that:

> [W]hen an act is required or allowed to be done at or within the
> specified period . . . by order of the court, the court for cause
> shown may at any time in its discretion . . . with or without motion
> or notice order the period enlarged if the request therefor is made
> before the expiration of the period originally prescribed or as
> extended by a previous order . . .

Fed. R. Bankr. P. 9006(b). In the context of determining whether "cause" exists regarding requests

for extensions of time, courts have considered factors including the size and complexity of the

issues involved, good faith progress in resolving issues, the amount of time elapsed in the case and

whether any prejudice will result to creditors. *See, e.g.*, *In re Express One Int'l, Inc.*, 194 B.R. 98,

100 (Bankr. E.D. Tex. 1996).[9]

22.     Here, an extension of the Claims Objection Deadline is necessary to allow the

Liquidating Trustee sufficient time to review, assess, and reconcile the remaining outstanding

Claims filed or asserted against the Debtors' estates.  As described above, the Liquidating Trustee

has already resolved significant Claims against the estates, and he believes a global settlement with

the Creditors is very close, such that additional time is required to bring the process to completion

in a manner that will maximize recoveries for the Liquidating Trust beneficiaries.

---

[9] Moreover, section 105 of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to take actions and implement procedures necessary to administer a bankruptcy case. *In re Pincus*, 280 B.R. 303, 311 (Bankr. S.D.N.Y. 2002) (stating that section 105(a) provides "the basis for a bankruptcy court's broad exercise of power in administering a bankruptcy case").

23.     Moreover, as of the date hereof, the Liquidating Trustee remains focused on litigation that may significantly impact distributions available under the Plan. In the EOF litigation,[10] the United States District Court for the District of Delaware affirmed this Court's ruling that the adversary proceeding is not barred by the doctrine of sovereign immunity,[11] oral argument was presented on appeal to the United States Court of Appeals for the Third Circuit in October 2020 and the Liquidating Trustee awaits a decision from the Third Circuit. As the Liquidating Trustee has previously represented to the Court, the EOF litigation is closely connected with the Liquidating Trustee's ability to reconcile Claims and make any meaningful distributions to many of the beneficiaries of the Liquidating Trust, which is further reason to extend the deadline pending a determination from the Third Circuit and a resolution of the litigation.

24.     In light of the progress the Liquidating Trustee has made reconciling Claims on a consensual basis (and avoiding the cost of contested hearings before this Court) and by commencing its objection process, the Liquidating Trustee believes that the requested extension of the Claims Objection Deadline is just and appropriate under the circumstances and should be approved. The Liquidating Trustee reserves the right to seek further extensions of the Claims Objection Deadline upon a motion filed with this Court, and expressly requests that an order approving this Motion be without prejudice to the right of the Liquidating Trustee to seek further extensions of the Claims Objection Deadline.

---

[10] *Davis v. California et al.*, Adv. Proc. No. 18-50908-KG (Bankr. D. Del. 2018).

[11] *State of California, et al. v. Davis*, Civ. Nos. 19-mc-00007-CFC, 19-mc-00011-CFC, 19-cv-00463 (D. Del. January 3, 2020).

25.     For the reasons stated above, the Liquidating Trustee submits that the relief requested herein is appropriate and in the best interests of the Liquidating Trust and its beneficiaries.

## NOTICE

26.     The Liquidating Trustee will provide notice of this Motion to: (a) the U.S. Trustee; and (b) any party who has requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b). Due to the nature of the relief requested herein, the Liquidating Trustee submits that no other or further notice is necessary under the circumstances.

[*Remainder of this page intentionally left blank*]

WHEREFORE, the Liquidating Trustee respectfully requests that this Court enter the Proposed Order granting the relief requested in this Motion and provide such further relief as this Court deems just and proper.

Dated: March 17, 2021
       Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
*/s/ Andrew R. Remming*

Robert J. Dehney (No. 3578)
Andrew R. Remming (No. 5120)
Matthew O. Talmo (No. 6333)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
rdehney@mnat.com
aremming@mnat.com
mtalmo@mnat.com

-and-

**BRACEWELL LLP**
Robert G. Burns (admitted *pro hac vice*)
Mark E. Dendinger (admitted *pro hac vice*)
1251 Avenue of Americas, 49th Floor
New York, New York 10020-1104
Telephone: (212) 508-6100
Facsimile: (212) 508-6101
Robert.Burns@bracewell.com
Mark.Dendinger@bracewell.com
      -and-
Jason B. Hutt (admitted *pro hac vice*)
2001 M Street, NW
Washington, District of Columbia 20036
Telephone: (202) 828-5800
Facsimile: (202) 857-2114
Jason.Hutt@bracewell.com

*Counsel for the Liquidating Trustee*