# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VENOCO, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 17-10828 (JTD)<br><br>(Jointly Administered)<br><br>**Objections Due:**<br>**January 5, 2022 at 4:00 p.m. (ET)**<br><br>**Hearing Date:**<br>**January 12, 2022 at 2:00 p.m. (ET)** |

**LIQUIDATING TRUSTEE'S MOTION FOR ENTRY OF AN
ORDER (I) APPROVING FINAL DISTRIBUTION TO
GENERAL UNSECURED CREDITORS, (II) ISSUING A FINAL DECREE
CLOSING CERTAIN CONSOLIDATED CHAPTER 11 CASES,
(III) TEMPORARILY WAIVING THE REQUIREMENT THAT THE
LIQUIDATING TRUSTEE FILE A FINAL REPORT FOR THE ADMINISTERED
CASES, AND (IV) DESIGNATING A SURVIVING CHAPTER 11 CASE**

Eugene Davis, solely in his capacity as the trustee (the "Liquidating Trustee") of the Venoco Liquidating Trust (the "Liquidating Trust"), submits this motion (the "Motion"), pursuant to sections 105(a), 350(a) and 1142 of title 11 of the United States Code (the "Bankruptcy Code"), seeking entry of an order, substantially in the form attached as **Exhibit A** hereto (the "Proposed Order"), (i) approving a final distribution (the "Final Distribution") to general unsecured creditors of Debtor Ellwood Pipeline, Inc. ("Ellwood"), (ii) issuing a final decree closing the chapter 11 cases listed on **Schedule 1** to the Proposed Order (collectively, the "Administered Cases"), whose

---

[1] The debtors in the chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, were: Venoco, LLC (3555); TexCal Energy (LP) LLC (0806); Whittier Pipeline Corporation (1560); TexCal Energy (GP) LLC (0808); Ellwood Pipeline, Inc. (5631); and TexCal Energy South Texas, L.P. (0812) (collectively, the "Debtors"). The mailing address for the Liquidating Trust is: c/o Mannon Consulting LLC, PO Box 1564, West Chester, OH 45071.

estates were "deemed consolidated" under the Plan and as such are fully administered, (iii) temporarily waiving the requirement that the Liquidating Trustee file a final report for the Administered Cases, and (iv) designating the chapter 11 case of *In re Venoco, LLC*, Case No. 17-10828 (JTD) (the "Surviving Case"), as the surviving case. In support of this Motion, the Liquidating Trustee submits the *Declaration of Lois Mannon in Support of Liquidating Trustee's Motion for Entry of an Order (i) Approving Final Distribution to General Unsecured Creditors, (ii) Issuing a Final Decree Closing Certain Consolidated Chapter 11 Cases, (iii) Temporarily Waiving the Requirement that the Liquidating Trustee File a Final Report for the Administered Cases, and (iv) Designating a Surviving Chapter 11 Case* filed concurrently herewith (the "Mannon Declaration"), and respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).

2. Pursuant to Local Rule 9013-1(f), the Liquidating Trustee hereby confirms his consent to the entry of a final order by this Court in connection with the Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

3. The predicates for the relief requested herein are sections 105(a), 350(a) and 1142 of 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended from time to time, the "Bankruptcy Code"), Rules 3021 and 3022 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), Rules 2002-1 and 3022-1 of the Local Rules of Practice and Procedure for

the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Confirmation Order, Plan and Liquidating Trust Agreement (each as defined below).

## BACKGROUND

**A.  General**

4.  On April 17, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Throughout the pendency of the chapter 11 cases, the Debtors operated their businesses and managed their properties as debtors in possession. On April 18, 2017, this Court entered an order directing joint administration of the chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 [D.I. 38] (the "Joint Administration Order"). No trustee, examiner or creditors' committee was appointed in the chapter 11 cases.[2]

**B.  Plan Confirmation and the Establishment of the Liquidating Trust**

5.  On May 23, 2018, this Court held a hearing to consider confirmation of the *Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation Proposed by the Debtors* [D.I. 905] (the "Plan"),[3] after which this Court entered its *Order (I) Approving Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation Proposed by the Debtors as Containing Adequate Information on a Final Basis and (II) Confirming Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation Proposed by the Debtors* [D.I. 922] (the "Confirmation Order"), thereby confirming the Plan.

---

[2]  Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing the chapter 11 cases, is set forth in the Plan.

[3]  Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Plan.

6. On October 1, 2018 (the "Effective Date"), all of the conditions precedent to the consummation of the Plan were satisfied, and the Plan became effective in accordance with its terms.

7. The Plan and Confirmation Order provided for the "deemed consolidation" of the estates of TexCal Energy (LP), Whittier Pipeline Corporation, TexCal Energy (GP) LLC, and TexCal Energy South Texas, L.P. (collectively, and as defined in the Plan, the "Non-Contributing Debtors") with the estate of Venoco, LLC ("Venoco"), with any Claims against the Non-Contributing Debtors to be treated as a single Claim against Venoco, and any Claims against Ellwood to be treated separately from Claims against Venoco. Specifically, Article VI.A of the Plan provides:

> Under the Combined Disclosure Statement and Plan, only holders of Claims in Classes 3 and 4 are Impaired and entitled to vote on the Combined Disclosure Statement and Plan. The Estates of Venoco and the Non-Contributing Debtors have not been substantively consolidated; provided, however, that for purposes of voting and distribution under the Combined Disclosure Statement and Plan, Venoco and the Non-Contributing Debtors will be deemed merged and consolidated, and treated as equivalent to a single legal Entity. This "deemed" consolidation means that Claims filed against Venoco and the Non-Contributing Debtors will be considered to be a single Claim against Venoco. For the avoidance of doubt, Claims against Ellwood will be treated separately from Claims against Venoco. The Debtors believe this structure is beneficial to Creditors as a whole and will accomplish a fair distribution of value among Creditors. It will also facilitate the compromise reached among the Debtors and certain key Creditors as embodied in the Combined Disclosure Statement and Plan.

Plan, Art. VI.A. Further, paragraph 35 of the Confirmation Order provides:

> On the Effective Date, each of the Non-Contributing Debtors shall be deemed merged into Venoco without further company action. Claims against the Non-Contributing Debtors, if any, shall become Claims against Venoco. For the avoidance of doubt, duplicative claims shall result in only a single Claim against Venoco. Following the merger, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all of the Liquidating Trust Assets shall vest in the Liquidating Trust free and clear of all Claims, Liens, encumbrances, charges and other interests. All Liens, Claims, encumbrances, charges and other interests shall be deemed fully released

and discharged as of the Effective Date, except as otherwise provided in the Combined Disclosure Statement and Plan or this Confirmation Order. Following the merger of the Non-Contributing Debtors into Venoco, and the vesting of the Liquidating Trust Assets into the Liquidating Trust, the Interests of each of the Non Contributing Debtors shall be deemed cancelled and of no further force and effect, and deemed extinguished without any further limited liability company action. The respective boards of directors and managers, as applicable, of each of the Non-Contributing Debtors shall be terminated and the members of each of the boards of directors and managers, as applicable, of the Non-Contributing Debtors shall be deemed to have resigned. Each of the Non-Contributing Debtors shall cease to exist for all purposes without any further company action.

Confirmation Order, ¶ 35.

8. In accordance with Article XI.A.2 of the Plan and paragraphs 8, 10, and 11 of the Confirmation Order, on the Effective Date, the Liquidating Trust was created, and the Liquidating Trust Assets were deemed transferred to the Liquidating Trust without further action of any of the Debtors. Since the Effective Date, the Liquidating Trustee has been administering the Liquidating Trust in accordance with the terms of the *Liquidating Trust Agreement* filed on April 27, 2018 [D.I. 879] (the "Liquidating Trust Agreement"), the Plan, and the Confirmation Order, and keeping separate books and records for the Venoco and Ellwood estates.

**C. The Claims Reconciliation Process in the Chapter 11 Cases**

9. To date, the Liquidating Trustee has used its time productively, having objected to or otherwise resolved all but one of the Claims asserted against Venoco[4] and all of the Claims asserted against Ellwood. As a result of these efforts, the Liquidating Trustee believes that the administration of the Ellwood estate is complete and, with the exception of one Claim against

---

[4] The remaining Claim asserted against Venoco relates to postpetition and post-Effective Date amounts asserted by Iron Mountain Information Management, LLC ("Iron Mountain"). The Liquidating Trustee continues to work with Iron Mountain and use its services in connection with the EOF Litigation. For the avoidance of doubt, certain Secured Claims, Other Priority Claims, Administrative Expense Claims, and Convenience Claims, though resolved, remain unpaid pending receipt of sufficient information from such creditors to effectuate transfer of payment.

5

Venoco, and the pending PAPL Litigation and EOF Litigation (each defined below), the administration of the Venoco estate is nearly complete.

10. To that end, the Liquidating Trustee has determined that the proposed Final Distribution is advisable at this time. The proposed Final Distribution has been adjusted to reflect Ellwood's proportionate share of the cost of administering the Debtors' chapter 11 cases and the Liquidating Trust, which to date were funded exclusively from Venoco estate assets. As a result, the Final Distribution from the Ellwood assets to Ellwood general unsecured creditors totals approximately $156,000 for an effective recovery rate of 1.6%.[5] The proposed distribution is described in more detail in **Schedule 2** to the Proposed Order and the Mannon Declaration.

11. The Liquidating Trustee proposes that the Final Distribution to creditors holding Allowed Claims be commenced by the later of (a) ten (10) business days after entry of the Proposed Order and (b) the day on which the Liquidating Trustee has sufficient information from such creditor to effectuate transfer of payment. Additionally, notwithstanding payment of the Final Distribution, and the closing of the Administered Cases requested herein, all books and records detailing such payments and the nature of the claims being paid would be held by the Liquidating Trustee pending a final decree closing the Surviving Case.

**D. Pending Litigation**

12. The sole remaining Claim that remains unresolved in these Chapter 11 Cases relates to postpetition services asserted by Iron Mountain. The Liquidating Trustee continues to use Iron Mountain's services in connection with the EOF Litigation and expects a resolution of this claim as the Liquidating Trustee terminates its services naturally in the course of the EOF Litigation.

---

[5] Article II.C of the Plan estimated recoveries to holders of general unsecured claims against the Ellwood estate to be in the range of 0.9% - 2.6%. Accordingly, the Final Distribution falls within this estimate.

13. Otherwise, the Liquidating Trustee remains in active litigation on behalf of Venoco in two proceedings. The remaining adversary proceeding in these Chapter 11 Cases is *Davis v. State of California*, Adv. Case No. 18-50908 (JTD) (the "EOF Litigation"). Additionally, the Liquidating Trustee remains involved in *Venoco, LLC v. Plains Pipeline, L.P.*, Case No. 21-55193 (9th Cir. 2021), which is currently proceeding in the United States Court of Appeals for the Ninth Circuit (the "PAPL Litigation"). The Liquidating Trustee is actively litigating these matters.

14. However, none of these matters impact the Administered Cases. The Liquidating Trustee has accounted for these matters (which only affect the Venoco estate) such that they can all be addressed on behalf of that estate under the heading of the Surviving Case.

## RELIEF REQUESTED

15. By this Motion, the Liquidating Trustee requests entry of the Proposed Order (a) approving the Final Distribution from the assets of Ellwood, (b) issuing a final decree closing the Administered Cases, (c) temporarily waiving the requirement that the Liquidating Trustee file a final report for the Administered Cases, and (d) designating the Surviving Case as the surviving case.

## BASIS FOR RELIEF REQUESTED

### A. The Final Distribution is Appropriate

16. Section 105(a) of the Bankruptcy Code provides bankruptcy courts with broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Similarly, section 1142 of the Bankruptcy Code provides that "the debtor and any entity organized . . . for the purpose of carrying out the plan shall carry out the Plan and shall comply with any orders of the court," 11 U.S.C. § 1142(a), and that the court may direct any necessary party to perform any other act necessary for the consummation of the plan. *Id.*, § 1142(b). Further, Bankruptcy Rule 3021 provides that "after

7

a plan is confirmed, distribution shall be made to creditors whose claims have been allowed." FED. R. BANKR. P. § 3021.

17. The Plan, Confirmation Order and Liquidating Trust Agreement do not require the Liquidating Trustee to obtain Court approval prior to making distributions. However, Plan Section XVIII(4) and paragraph 33(v) of the Confirmation Order give the Court expansive jurisdiction post-confirmation to grant the relief requested in this Motion. Further, given the length of time between the Effective Date and the proposed Final Distribution, the Liquidating Trustee seeks Court approval out of an abundance of caution. Indeed, such distributions are chiefly among the Liquidating Trustee's duties and are typically made without Court approval.

18. The Final Distribution from the Ellwood estate consists of Ellwood's assets following the allocation to the Ellwood estate of Ellwood's proportionate share of the cost of administering the Debtors' chapter 11 cases and the Liquidating Trust, which to date were funded exclusively from Venoco estate assets. As a result, the Final Distribution from the Ellwood assets to Ellwood general unsecured creditors totals approximately $156,000 for an effective recovery rate of approximately 1.6% of their Allowed Claims, which is within the estimate of 0.9% - 2.6% recovery range estimated in Article II.C of the Plan.

19. The proposed distribution is further described in **Schedule 2** to the Proposed Order and Mannon Declaration. As described further in the Mannon Declaration, the allocation of distributions detailed in **Schedule 2** is appropriate, as it is based off the net assets of Ellwood on the one hand, and those of Venoco (including all the Non-Contributing Debtor estates merged into Venoco pursuant to the Plan) on the other hand.

20. Allowing the Final Distribution at this point will also enable the Non-Contributing Debtors to close their chapter 11 cases (thus saving significant expense and time, as described below) and aid the Surviving Case in progressing toward closure.

21. Accordingly, payment of the Final Distribution is appropriate at this time.

**B.  The Administered Cases are Fully Administered and Should be Closed**

22. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Additionally, Bankruptcy Rule 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." FED. R. BANKR. P. 3022. Finally, Local Rule 3022-1(a) further provides that:

> Upon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid. Such motion shall include a proposed final decree order that (i) orders the closing of the case and (ii) identifies in the caption and in the body of the order the case name and the case number of each case to be closed under the order.

DEL. BANKR. L.R. 3022-1(a).

23. The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been "fully administered":

    a. Whether the order confirming the plan has become final;
    b. Whether deposits required by the plan have been distributed;
    c. Whether the property proposed by the plan to be transferred has been transferred;
    d. Whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

> e. Whether payments under the plan have commenced; and
>
> f. Whether all motions, contested matters, and adversary proceedings have been resolved.

*See* FED. R. BANKR. P. 3022, Advisory Committee Note (1991). "[T]hese factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005).

24. In addition to the factors set forth in the Advisory Committee Note, courts deciding whether to close a chapter 11 case will consider whether the debtor's plan of reorganization has been substantially consummated pursuant to section 1101(2) of the Bankruptcy Code. *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997); *Walnut Assocs. V. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) ("To determine whether a bankruptcy case has been 'fully administered' or 'substantially consummated' for the purposes of entering a final decree, a court must review the requirements established by 11 U.S.C. § 1101(2)."). Section 1101(2) of the Bankruptcy Code includes several of the factors set forth in the Advisory Committee Note and defines "substantial consummation" as:

> a. Transfer of all or substantially all of the property proposed by the plan to be transferred;
>
> b. Assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
>
> c. Commencement of distribution under the plan.

11 U.S.C. § 1101(2).

25. Here, pending the Final Distribution, the estates of Ellwood and each of the Non-Contributing Debtors in the Administered Cases have been fully administered, and the Court may appropriately enter a final decree closing the Administered Cases. The Confirmation Order has

become final and non-appealable. Moreover, pursuant to Article VI.A of the Plan, each of the Non-Contributing Debtors' estates other was "deemed consolidated" for the purposes of classifying and treating all Claims under the Plan. The deemed consolidation under the Plan obviates any need for the Administered Cases to remain open as any further proceedings that may relate to the Administered Cases can and will be addressed through the Surviving Case. With respect to Ellwood, following payment of the Final Distribution the estate will be fully administered. All claims reconciliation and distributions for the Administered Cases is complete. There are no motions, contested matters or other adversary proceedings in the Administered Cases.

26. Moreover, such closure will relieve the Court, the Office of the United States Trustee (the "U.S. Trustee") and the Liquidating Trustee from the burden of continuing to monitor and separately administer the Administered Cases. It will also alleviate the burden of the Liquidating Trustee to pay U.S. Trustee fees pursuant to 28 U.S.C. § 1930 that are incurring for the estates of the Reorganized Debtors in the Administered Cases each day the cases remain open. *See In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of fees under 28 U.S.C. § 1930). Given the foregoing, the closing of the Administered Cases is appropriate, will not prejudice parties in interest and has been approved previously by this Court in similar circumstances. The Case of Venoco Should Be Designated as the Surviving Case

27. The Liquidating Trustee respectfully submits that, pursuant to section 105 of the Bankruptcy Code, the case of Venoco should be designated as the Surviving Case for any further bankruptcy administration related to or pertaining to the Debtors' estates. Such relief will ensure an orderly and proper administration of the Liquidating Trust, permit the Liquidating Trustee to

prosecute the PAPL Litigation and the EOF Litigation to conclusion, and eventually conclude these bankruptcy proceedings.

**C. The Requirement that the Liquidating Trustee File a Final Report Pursuant to Local Rule 3022-1(c) Should be Temporarily Waived**

28. The Liquidating Trustee submits that a final report as required by Local Rule 3022-1(c) in each of the Administered Cases is not necessary at this time given that the Surviving Case will remain open. Accordingly, the Liquidating Trustee requests that it be permitted to file the final report for the Administered Cases upon the closing of the Surviving Case.

## **NO PRIOR REQUEST**

29. No previous motion for the relief sought herein has been made to this or any other Court.

## **NOTICE**

30. The Liquidating Trustee will provide notice of this Motion to: (a) the U.S. Trustee; (b) any party who has requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b); and (c) all holders of Allowed Claims that have not been paid or otherwise satisfied, as reflected in the claims register. Due to the nature of the relief requested herein, the Liquidating Trustee submits that no other or further notice is necessary under the circumstances.

[*Remainder of this page intentionally left blank*]

WHEREFORE, the Liquidating Trustee respectfully requests that this Court enter the Proposed Order granting the relief requested in this Motion and provide such further relief as this Court deems just and proper.

Dated: December 22, 2021
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
*/s/ Matthew O. Talmo*
Robert J. Dehney (No. 3578)
Andrew R. Remming (No. 5120)
Matthew O. Talmo (No. 6333)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
rdehney@morrisnichols.com
aremming@morrisnichols.com
mtalmo@morrisnichols.com

-and-

**BRACEWELL LLP**
Mark E. Dendinger (admitted *pro hac vice*)
1251 Avenue of Americas, 49th Floor
New York, New York 10020-1104
Telephone: (212) 508-6100
Facsimile: (212) 508-6101
Mark.Dendinger@bracewell.com
-and-
Jason B. Hutt (admitted *pro hac vice*)
2001 M Street, NW
Washington, District of Columbia 20036
Telephone: (202) 828-5800
Facsimile: (202) 857-2114
Jason.Hutt@bracewell.com

*Counsel for the Liquidating Trustee*